FELICETTA JANNARONE, PROSECUTRIX, v. THE BOARD OF ADJUSTMENT OF THE TOWN OF NUTLEY ET AL., RESPONDENTS.

Submitted October term, 1930—Decided January 20, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutrix, *John B. Brown.*

For the respondents, *William F. Gorman.*

PER CURIAM.

We have before us the decision and judgment of the board of adjustment of the town of Nutley affirming the action of the building inspector in refusing to issue a building permit for the construction of a building on the lands of the prosecutrix, which structure, if erected, would result in a nonconforming use of the lands under the zoning ordinance of Nutley, which places such lands in class B residence zone. The permit applied for was for the erection upon such lands of a sand and stone hopper and a railroad spur.

Upon appeal the board of adjustment, after hearing testimony, found and determined that "a variance in the terms of the ordinance, as requested by the appellant, will be contrary to the public interest and that there are no special conditions that will result in unnecessary hardship because of a literal enforcement of the provisions of the ordinance," and further, that the use desired to be made of the lands

by the appellant "would increase the traffic congestion at the corner of Park avenue and Walnut street and the literal enforcement of the terms of the ordinance would promote the health and general welfare of the people living in the neighborhood and would tend to secure the safety of the school children at the corner."

In urging a reversal of the judgment before us the prosecutrix insists:

1. That it is unreasonable in that the testimony conclusively shows that owing to special conditions, including the physical layout of the premises, a literal enforcement of the zoning ordinance has and will result in unnecessary hardship to the landowner.

2. That prosecutrix's land, proposed to be used as a material storage yard, is so located that it is particularly adapted for such proposed use, and the character of the surrounding neighborhood is such that it is an unreasonable application of the zoning ordinance to prohibit such use, and such use would in nowise be a detriment to the public health, welfare or safety.

3. That such judgment violates article 1, section 16, and article 4, section 7, paragraph 8 of the state constitution, as taking the property of prosecutrix without compensation.

4. That such judgment violates article 1, paragraph 1 of the state constitution in that it trespasses upon the natural and inalienable rights of acquiring, possessing, enjoying and protecting property.

5. That such judgment violates section 1 of the fourteenth amendment to the constitution of the United States respecting due process and equal protection of the laws.

As to grounds one and two, raised by the prosecutrix, there are two answers, both calling for a finding against her.

The first of these is that the action of the respondent, board of adjustment, is limited by the statute (*Pamph. L.* 1928, *ch.* 274), under section 3, as follows:

"To authorize upon appeal in specific cases such variance as will not be contrary to the public interest, where owing to special conditions, a literal performance of the provisions of

the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done; and provided that no such variance shall be made to grant or allow a structure or use in a district restricted against such structure or use unless the lands in respect of which the variance is made about a district in which such structure or use is authorized by the zoning ordinance; * * *."

Second. The board of adjustment acts judicially and its findings will not be set aside by this court unless found to be without support in fact or law. *Bellofatto* v. *Montclair,* 6 *N. J. Mis. R.* 512; *Harrison* v. *Montclair,* 6 *Id.* 570; *Construction Co.* v. *Irvington,* 6 *Id.* 547; *Levine* v. *Rutherford,* 6 *Id.* 548.

In these directions we are unable to say that the board of adjustment was in error in finding and adjudging as it did.

Under points three, four and five we think prosecutrix can take nothing. By the amendment to the constitution respecting zoning all rights therefore existing under the constitution in conflict with that amendment were relinquished.

We conclude that the judgment under review must be affirmed and the writ dismissed, with costs.