THOMAS C. KEISER, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF PLAINFIELD, A MUNICIPAL CORPORATION, C. BENSON WIGTON, E. KENDALL MORSE, SEYMOUR PERKINS, MICHAEL D. O'KEEFE AND HENRY H. BROWER, CONSTITUTING THE BOARD OF ADJUSTMENT, AND JOHN S. DAHL, INSPECTOR OF BUILDINGS, DEFENDANTS.

Argued October 8, 1931—Decided April 8, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Russell Fleming.*

For the defendants, *J. Henry Crane.*

PER CURIAM.

This writ of *certiorari* brings up for review a resolution of the board of adjustment of the city of Plainfield denying

the prosecutor, Thomas C. Keiser, permission to convert a present single family dwelling at No. 305 West Seventh street, Plainfield, into a funeral establishment on the first floor and a residence on the second floor.

It appears that the property is located in "B" residential zone of the city of Plainfield, and that the building inspector denied the permit on the ground that to grant it would be a violation of the zoning ordinance. An appeal was taken to the board of adjustment to vary and modify the provisions of the zoning ordinance and to grant the permit.

The appellant himself in his appeal set out that the granting of the permit would violate the ordinance. The board of adjustment sustained the building inspector and denied the petition of the prosecutor. The prosecutor has assigned eleven reasons why this action of the board of adjustment should be reversed. We think, so far as substance is concerned, they may be shortly considered.

First, it is claimed that the decision was arbitrary and unreasonable. We cannot say that it was. The board held a hearing. There seems to have been some sort of testimony, and petitions, both for and against, from neighbors, schools, churches, hotels and owners of apartment houses. The testimony is not presented to us in full, but only what purports to be a synopsis thereof. It appears that the street is a busy street of moderate width and part of the county highway, already much congested by traffic of vehicles and pedestrians, and particularly school children. In view of what appeared, or may well have appeared, to the board in respect to traffic conditions, we cannot say that the refusal of the board of adjustment to interfere was arbitrary or unreasonable. There is a presumption that the action of the board was right (*Sylvester* v. *Princeton,* 104 *N. J. L.* 18), and we do not think it can be said to have been overcome in this case. The finding of the board will not be set aside, unless without support in fact or law. *Jannarone* v. *Board,* 9 *N. J. Mis. R.* 210; 153 *Atl. Rep.* 256.

It is said that the zoning ordinance is invalid. We think

it is not. On the contrary it was expressly continued by chapter 274 of laws of 1928, and that act was upheld in that respect in *Frank J. Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; 147 *Atl. Rep.* 555.

It is next said that the decision of the board was illegal because not made at a public hearing and because no specific reasons were given. We think there is no merit in that contention. The statute does not require the board to specify its reason for its action. It gave a public hearing, and the mere fact, if it be a fact, that the members of the board after hearing considered the case, in private conference, is immaterial.

The writ will be dismissed, with costs.