Erna A. Tillotson *vs.* City Council of the
City of Cranston *et al.*

JULY 16, 1938.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Per Curiam. This is a petition for a writ of *certiorari* to review the action of the city council of the city of Cranston denying a permit to the petitioner for the erection of a gasoline filling station at the corner of Brook and Cranston streets in that city.

It appears from the record certified here that the petitioner applied for such permit on November 19, 1937, in accordance with the provisions of chapter 174, sec. 94, subsections (h) and (i) of the ordinance of the city of Cranston enacted in pursuance of public laws 1929, chapter 1455. This application was referred to the building committee of the city council for consideration and investigation, with power to hold a hearing on such application.

A hearing was held by the committee on December 14, 1937, at which six persons appeared in opposition to the

granting of the application, among whom was one who stressed the fact that the location designated in the application would prove a dangerous place for a gasoline filling station, because of the possible extension of Atwood avenue in that section, the establishing of a rotary and also because a trolley car switch was located very close to the applicant's lot.

The applicant was represented by counsel at the hearing and they spoke in favor of the application. No witnesses were sworn, and in general the hearing does not appear, from the very scanty record certified here, to have been conducted as a judicial inquiry but rather like a legislative hearing. At its close the committee convened in executive session and, without making any finding of fact or giving any reason why the application should be denied, voted to recommend to the city council that petitioner's application be denied and that she be given leave to withdraw it. On December 17, 1937, the city council at a regular meeting adopted the recommendation of the building committee and, also without stating any reason for so doing, formally denied the petitioner's application, whereupon she brought this petition for *certiorari.*

As grounds for her petition, the petitioner alleges that P. L. 1929, chap. 1455 and chap. 174, sec. 94, subsections (h) and (i) of the ordinances of the city of Cranston, enacted in pursuance of said chapter of the public laws, are null and void, in that they violate art. I, sec. 16 of the constitution of this state and section 1 of the fourteenth amendment to the constitution of the United States; and second, that the action of the city council in denying her application for a building permit was arbitrary, capricious and unreasonable, and deprived her of rights guaranteed under the aforementioned provisions of the state and federal constitutions.

On the view that we take of the action of the city council in this matter, it will not be necessary at this time to pass

upon the constitutionality of either the statute or the ordinance. It is plain from the record which has been certified to us that the city council acted in a most summary manner. Assuming that they had no more evidence to support their action than the very scanty record before us indicates, and we must judge their action by that record, then we are driven to the conclusion that their decision is arbitrary and unreasonable and cannot stand.

The petitioner is entitled to the beneficial use of her land for any lawful purpose, subject to reasonable regulation by the city in the exercise of the police power. But such regulation, if it is to withstand possible attack on the ground of unconstitutionality, must be in accordance with some proper rule or standard, which must be applied alike to all persons similarly situated.

Assuming, without deciding, that the questioned paragraphs of the ordinance in the instant case can be fairly construed as providing for such regulation, the city council's denial of the petitioner's application would be valid, if based upon the fair and impartial application of such a proper rule or standard to the duly ascertained facts of the case. But the decision of such a body on such a petition should be open to judicial review; and that requires that some sort of a record should be made of the rule or standard applied and of the factual basis for the decision made by the application of such rule or standard.

In the instant case it does not appear, from the record which has been certified to us, what was the rule or standard applied, or what were the facts found by the council, if any, in reaching the decision made. For all that appears, its action may have been arbitrary and unreasonable, as the petitioner asserts. In this situation, we must hold the decision invalid and order the record thereof to be quashed.

It is, therefore, ordered that such portion of the record as contains the report of the building committee of the

city council, its recommendation thereon.. to the city council, and the city council's vote denying the petitioner's application be quashed. The record as thus quashed will leave petitioner's application pending before the city council to be considered by them *de novo* in accordance with this opinion, a copy of which is ordered to be transmitted to said city council of the city of Cranston.

*James A. McGuirk, Frank L. Martin,* for petitioner.
*Edward W. Day,* for respondents.