GARDEN COURT APARTMENTS, INC., a Delaware Corporation, v. M. A. HARTNETT, JOHN CARSON, STANLEY C. MIKELL, FRANK D. WRIGHT, ESTHER FREAR, GEORGE B. CARROLL, WOODROW CULVER and J. FENIMORE WILSON, Being and Constituting The Council of the City of Dover.

(*March* 19, 1949.)

CAREY, J., sitting.

*Stewart Lynch* and *Daniel L. Herrmann* for Petitioner.

*Arley B. Magee, Jr., Hugh M. Morris* and *George T. Coulson* (of Morris, Steel, Nichols and Arsht) for Respondents.

Superior Court for Kent County, Civil Action No. 80, 1948.

**4**

CAREY, J.

The right of any landowner to build on his property according to his own desires, free of unconstitutional or arbitrary restraint, is a valuable property right for the violation of which recourse may be had to the Courts of this State. Instances where improper attempts were made to restrict this valuable right are to be found in *Mayor & Council of Wilmington* v. *Turk,* 14 *Del. Ch.* 392, 129 *A.* 512; *In re Ceresini,* 8 *W. W. Harr.* 134, 189 *A.* 443; *Appeal of Lloyd,* 9 *W. W. Harr.* 15, 196 *A.* 155. Within certain limitations, of course, a municipality may impose valid restrictions or zoning regulations. *In re Blackstone,* 8 *W. W. Harr.* 230, 190 A. 597; *Papaioanu v. Commissioners of Rehoboth,* 25 *Del. Ch.* 327, 20 *A. 2d* 447. These fundamental principles re-

quire no elaboration at the present time. In fact, upon the record now before the Court, it seems proper to consider only one of the constitutional objections raised by petitioner's exceptions. In this connection, it must be kept in mind that a Court will not listen to an allegation of unconstitutionality made by a party whose rights are not affected thereby and who therefore has no interest in defeating it, unless it is shown that the entire act is wholly void. *Conrad v. State,* 2 *Terry* 107, 16 *A.* 2d 121. It must appear that the alleged unconstitutional feature of which he complains has injured him or operated to deprive him of some right guaranteed by the constitution. *Gorieb v. Fox.* 274 *U. S.* 603, 47 *S. Ct.* 675, 71 *L. Ed.* 1228, 53 *A. L. R.* 1210.

■ Petitioner attacks the ordinance as being invalid in toto because it contains no adequate requirement for notice. It has been held in several Delaware cases that due process of law in judicial proceedings requires notice directed by the statute itself, and not a voluntary or gratuitous notice resting in favor or discretion, and that a statute which fails to provide for proper notice is unconstitutional even though the judicial body involved on its own accord by rule or order provides for notice. *Spoturno v. Woods,* 8 *W. W. Harr.* 378, 192 *A.* 689; *Wilmington Trust Co. v. Baldwin,* 8 *W. W. Harr.* 595, 195 *A.* 287. The petitioner contends that, when the objection to the original application was filed with the Building Commission, it then became the duty of the Building Commission to advise petitioner of the objection and to fix a hearing. Moreover, it contends that Section 9 is invalid because it contains no requirement for notice of the hearing before the Council.

■ What is hereafter said concerning the powers of the Commission demonstrates the fact that no hearing is supposed to take place before that Commission. Since the ordinance calls for a hearing by Council in the event the Commission acts unfavorably on the petition, it is not legally defective in failing to provide for notice and hearing by the Commission.

■ ■ It is true that Section 9 requires no notice to petitioner or to any other interested party, either of the pendency of the "appeal" or of the time fixed for hearing. Every authority I have seen indicates that what is demanded by the due process clause is notice of the pendency or bringing of an action as opposed to notice of further proceedings therein after the action has been brought. Once a party is within the jurisdiction of the Court, failure of a statute to require notice of further proceedings is not a constitutional defect. 16 *C. J. S. Constitutional Law,* § 619, *page* 1255. In proceedings before a quasijudicial board, it may well be that the actual failure of such a board to inform a party of the time fixed for a hearing might justify a Court in holding the action of the board arbitrary or inequitable. Even then, it would perhaps be a matter which could only be brought up by the particular party affected. That problem, however, is not here presented. On the very limited record properly before me, there is nothing to indicate the petitioner failed to receive adequate notice of the hearing or that it was given an inadequate hearing.

■ ■ Is the ordinance constitutionally invalid in failing to provide for notice of the pendency or institution of the "appeal"? This question is one which the petitioner is in no position to raise. It is the party which instituted this particular proceeding and obviously any such alleged basic defect could not possibly affect it. The constitutional notice exists for the protection, not of the party who brings an action, but of the party against whom it is brought. No case I have seen goes so far as to hold that the party who institutes a proceeding can raise the issue here presented. Whether some other property owner in the block or some possible tenant in the proposed apartment building might take advantage of the alleged defect need not be decided.

A perusal of the Dover ordinances indicates that the Building Commission created by Council is a purely administrative body charged with a purely administrative function. No provision

is made for any hearing by it nor for the presentation of any evidence before it. Council has delegated to it the very limited authority of reviewing the application for a permit and the plans and spcifications for the building and, if the project meets the various requirements of the ordinances, the Commission must issue a permit. On the other hand, if it is satisfied that the project does not meet certain requirements of the ordinance, it may deny the permit. Its decision is by no means final because Council has reserved to itself the power of reexamining the whole matter upon application of a disappointed applicant. In the event of any such "appeal", Council must hold a hearing at which interested parties have the right to be heard. With respect to this hearing, Council is obviously acting in a quasi-judicial capacity with a limited jurisdiction—limited to the consideration of only those grounds which, under the provisions of its own ordinances, authorize the denial of a permit. In other words, Council's powers under this part of the ordinances are hedged in with those limitations contained in the ordinance itself, as well as certain constitutional limitations.

Upon certiorari this Court is not particularly interested in any action taken by the Building Commission, although its resolution properly forms part of the record. Even though the Commission's denial of a permit may have been invalid as based upon a reason unauthorized by any ordinance or unjustified by the constitution, Council may have justifiably affirmed the denial of a permit upon a finding of the existence of some valid ground of refusal.

· The difficulty with the present record is that Council has made no finding whatever or, at least, none is shown in the record. The ordinances furnish several grounds for a denial, which may or may not be valid from a constitutional point of view; yet, from the record, it cannot even be said that Council based its action upon any of those ordinance provisions. For example, Council may have reached the same conclusion as the Commission ap-

parently reached, to-wit, that the permit ought to be denied simply because a majority of other property owners objected; if that were true, the action would be violative of the fundamental principles laid down in the Delaware authorities cited above. On the other hand, Council's action may have been based upon some factual determination which was perfectly proper in every way.

Respondents rely heavily upon ·a presumption that a quasi-judicial Board in making its decision found the fact required by the controlling statute or ordinance, citing *H. P. Welch Co. v. State,* 89 *N. H.* 428, 199 *A.* 886, 120 *A.L.R.* 282; *Keiser v. Inhabitants of Plainfield,* 159 *A.* 785, 10 *N.J. Misc.* 496; *Levine v. Zoning Board,* 124 *Conn.* 53, 198 *A.* 173; *Piccolo v. Town of West Haven,* 120 *Conn.* 449, 181 *A.* 615. This presumption in the Welch case was apparently based upon the law that a general verdict includes a finding of all the special facts necessary to sustain it. In the other cases, the Courts were apparently guided by the fact that the statute or ordinance required no specific findings of fact. The reasoning of the Welch case and its application here would be easier to understand if the Dover ordinance provided only one ground for refusal. Actually, however, more than one ground is set forth. Which one, then, is the Court to assume was relied upon in the absence of anything in the record? If some things in the ordinance should be found constitutional and others unconstitutional, is it then proper for the Court to assume from the general verdict or finding that Council was motivated by one of the constitutional provisions? If that be the law, how would a petitioner ever be able to enforce his constitutional rights?

I cannot agree with the argument that a finding of basic fact need not be made simply because the statute or ordinance does not require it. The true rule is expressed in 42 *Am. Jur.* 494 as follows: "The necessity for a finding to sustain an administrative ordinance does not rest wholly upon a statutory requirement of a finding. Apart from statutes requiring findings,

an order of an administrative body cannot be sustained unless supported by findings of the basic or quasi-jurisdictional facts conditioning its power. An order lacking such findings has been said to be void, but the term 'void' may mean 'voidable' ".

Numerous cases are cited in that text in support of these statements. The reason is clear. Without such finding of fact, a petitioner's right of recourse to the Courts, in certiorari or other proceedings, would exist in name only. A Court, under circumstances like these, has no way of knowing whether a petitioner's constitutional rights have been violated. *Tillotson v. City Council of Cranston*, 61 *R.I.* 293, 200 *A*. 767. This is particularly true in Delaware in certiorari where the evidence forms no part of the record. 1 *Woolley Delaware Practice*, 636.

I need not go so far as to say that a Board of this kind must make findings of fact and conclusions of law to the same extent as is required of certain agencies, such as the Industrial Accident Board, by statute. Indeed, there is no present need to discuss the extent to which such a Board must go in this respect, except to say that, where its right to act depends upon the existence of certain conditions, it should first of all determine the existence of those basic or quasi-jurisdictional conditions before professing to take final action. In the absence of any finding, the record must be held to be bad upon certiorari.

For the foregoing reasons, petitioner's exceptions Numbers 1, 14, 15 and 19, all of which are based upon the failure of the record to show any ground for Council's action, must be allowed and the record remanded.