BERT GROESBECK, Appellant, *v.* THE HONOR-
ABLE MAYOR and CITY COUNCIL of the CITY
of ELY, Respondents.

No. 4085

July 15, 1958.                                     328 P.2d 566.

*Jon R. Collins,* of Ely, for Appellant.

*Robert R. Gill,* of Ely, for Respondents.

## OPINION

By the Court, EATHER, J.:

Appellant seeks a permit from the city of Ely granting permission to move a dwelling house into the city to be placed upon property owned by appellant. This appeal is taken from judgment of the trial court upholding the city in its refusal to grant the permit. Appellant petitioned the trial court for a writ of mandate commanding the issuance of the permit or, in the alternative, a writ of certiorari to review the action of the city council in refusing to issue it. Both writs were denied and this appeal was taken. The basis upon which appellant sought his writs was that the mayor and city council had acted arbitrarily in refusing to grant the permit. Upon applying for permit, appellant presented evidence to the council to the effect that, although certain repairs were needed, the building was structurally safe with substantial floor joists and a perfectly safe floor, and that it would not detract from the neighborhood to which it was to be moved since it was as good as or better than the average of the buildings in that neighborhood. In denying the permit no reason for such action was given by the council. None was given to the court below.

On August 15, 1955, the city, by ordinance, adopted the National Building Code recommended by the National Board of Fire Underwriters which, in part, specifies

in considerable detail the minimum structural require-
ments of buildings thereafter to be erected, altered, or
brought within the city. It is conceded by counsel that
the section of the code relating to permits reads as fol-
lows: "No building or structure shall be built, enlarged,
altered or moved without a permit from the building
official who may require a plan of the proposed work,
together with a statement of the materials to be used."

If a permit under this section is to be denied it must
be for failure of the applicant to establish that the work
for which he seeks the permit meets the requirements
of the code. If the code requirements are met and no
legal impediment exists, he is entitled to his permit as
a matter of right. In the absence of code deficiencies and
any other legal obstacles, refusal to grant the permit
must be held to be arbitrary action not contemplated by
the permit requirement. Tillotson v. City Council of City
of Cranston, 61 R.I. 293, 200 Atl. 767; City Council of
Denver v. United Negroes Protective Assn., 76 Colo. 86,
230 P. 598; 9 McQuillan, Municipal Corporations, 3d Ed.
499, sec. 26.211. An order denying permit must, then, set
forth the grounds of such denial. Tillotson v. City Coun-
cil of City of Cranston, supra.

Respondents refer us to an earlier ordinance which
reads in part as follows: "All building materials used
in the construction of buildings shall be of good quality
and no building or structure which may be termed a
shack as that term is generally understood shall be con-
structed within the limits of the city of Ely, nor shall
such shack be removed from one location to another
within the city limits, nor moved into said city limits."
This ordinance also required a city permit for moving
of a building into the city. Respondents concede that this
ordinance has been generally superseded by adoption of
the building code, but contend that the quoted section
remains effective. They refer to a section of the building
code providing, "Nothing in this code shall be construed
to prevent the enforcement of other laws which pre-
scribe more restrictive limitations." It is contended that

the "shack" prohibition of the earlier ordinance constitutes a "more restrictive limitation" under the building code and thus has not been superseded. It is contended that we may infer that the ground for denial of the permit was that the mayor and city council had determined that appellant's building was a shack.

In our view the language "shack as that term is generally understood" is entirely too vague and too devoid of objective standards of construction in the light of the detailed structural requirements of the code itself to qualify the prohibition as a "more restrictive limitation" than is provided by the building code. We must hold, then, that the quoted section of the earlier ordinance was superseded by the adoption of the building code.

This leaves the city without any apparent ground for denial of the permit. Upon the record, in the absence of specification of grounds, this action must be held arbitrary.

Reversed and remanded with instructions that a peremptory writ of mandate issue from the trial court to the mayor and city council of the city of Ely, commanding that, in the alternative, they issue the permit sought by appellant or specify grounds for its refusal under the city's building code.

BADT, C. J., and MERRILL, J., concur.