205 A.2d 589.

STANLEY NOVAK *vs.* CITY COUNCIL OF THE CITY OF
PAWTUCKET.

DECEMBER 14, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is a petition for a writ of certiorari to review the action of the city council of Pawtucket denying the petitioner's application for a secondhand shop license. Pursuant to the writ the respondent city council has certified to this court the pertinent records.

The petitioner, a resident of the city of Pawtucket and the owner of a parcel of real estate in that city located at the corner of East avenue and Grace street, obtained from the zoning board of appeals permission to use his land for the sale of used automobiles. His application to respondent for a license to engage in such business, filed under chap. 170, as amended, of the Pawtucket ordinances, was denied whereupon he filed this petition.

Chapter 170 in pertinent part provides that "Every person * * * before engaging in the business of purchasing, selling, bartering or dealing in junk, old metals or any second hand articles, whether as a keeper of a shop or storehouse for the reception or sale of the same, * * * shall obtain a license from the Board of Aldermen [city council]."

The enabling legislation under which the ordinance was passed is P. L. 1902, chap. 1058, now G. L. 1956, §5-21-1. It empowers municipalities to enact ordinances for the issuing and revocation *at pleasure* of licenses for selling, purchasing, and dealing in junk, old metals, and any other secondhand articles. We do not concern ourselves with that legislative grant of authority. Neither its validity nor the authority of the city council thereunder or otherwise to enact chap. 170 has been put in issue.

Our concern is limited to the ordinance. The petitioner raises no question as to whether it constitutes a grant of a purely arbitrary power to license one person and to refuse a license to another similarly situated and respondent, as we understand its position, concedes that the ordinance does

not permit a denial of an application for a license at whim or pleasure, but requires cause. We construe it to avoid invalidity if reasonably possible. *Fuller* v. *Fuller*, 49 R. I. 45; *Gardiner* v. *Kennelly*, 79 R. I. 367, 375.

So construed, in our opinion, it is fairly to be implied from a reading of chap. 170 in its entirety that it did not invest respondent with authority to act arbitrarily, but instead imposed on it the obligation to consider and exercise its discretion with reference to those factors which make the junk business a proper subject for special legislation. *Lerner* v. *City of Delavan*, 203 Wis. 32. Those factors relate generally to the prevention of criminal activities, the providing of facilities for tracing stolen property, and the control of dealing in secondhand articles by providing for the registration of dealers therein. *State* v. *Cohen*, 73 N. H. 543; *Commonwealth* v. *Silverman*, 220 Mass. 552; *State* v. *Rosenbaum*, 80 Conn. 327, 329.

Considered in this light it is to be noted that the ordinance requires that the application "set forth the name, age, residence and business or employment of the petitioner during the five years next preceding said application" and that it "be referred to the chief of police, for his approval or disapproval before being acted upon * * *." Such provisions indicate a legislative purpose as to the considerations relevant to an exercise by respondent of its legal discretion in granting or withholding a license. Our conclusion is that the standard which the ordinance required respondent to apply was the applicant's suitability and fitness for licensure. *Milwaukee* v. *Ruplinger*, 155 Wis. 391. The result we reach in the circumstances of this case is no warrant for the assumption that we would arrive at a similar one were the validity of the ordinance the subject of attack.

The question becomes whether respondent applied the proper standard. Neither the committee on licenses to

44

which the application had been referred and which in executive session voted to recommend that it be denied, nor respondent which accepted that recommendation and voted to deny the application, gave any reasons for their respective actions. This they should have done. *Yellow Cab Co.* v. *Public Utility Hearing Board,* 73 R. I. 217; *Tillotson* v. *City Council,* 61 R. I. 293. Notwithstanding such failures, and in the interests of avoiding the delay and inconvenience which would otherwise result if we were to remand for clarification, we have examined the record in order to ascertain whether there is any legal basis for the action of respondent. *Winters* v. *Zoning Board of Review,* 80 R. I. 275. We find none.

Only the committee on licenses held a public hearing or heard evidence. That evidence did not relate to the character or record of petitioner, but consisted instead of the objections by two neighbors to the granting of the license on the grounds that it would create a traffic hazard and depreciate their property. It also appears that one of the committee members stated that in the interests of his constituents he would do "anything in his power to prevent the passage of this license." The record reveals neither a disapproval of the application by the chief of police nor any evidence whatsoever reflecting adversely on petitioner's suitability to be licensed to conduct a secondhand auto dealership. The evidentiary gap on this critical issue is fatal because under this ordinance the standard of suitability should have been applied to the person of the applicant and not to the proposed location of his business. *Clapp* v. *Ulbrich,* 140 Conn. 637. The application should have been granted.

Having construed the ordinance as fixing a standard for the exercise of respondent's discretion, it is clear that there are grounds under the ordinance upon which licensure may be denied other than that set forth in G. L. 1956, §5-21-2,

which prohibits the granting of a license if the owners or occupants of the greater part of the land within 200 feet of the proposed locus object thereto. The contention of petitioner that the failure of the record to disclose objections in the required percentage made a decision in favor of his application mandatory is therefore without merit.

In the absence of contentions thereon by either party, we express no opinion as to whether the authority to license secondhand auto dealers under §5-21-1 was taken away from the municipalities upon the enactment of G. L. 1956, chap. 5 of title 31, which in relevant portion vests that authority on a statewide basis in the motor vehicle dealers' license commission.

The petition for certiorari is granted, the decision of the respondent city council is quashed, and the records certified to this court are ordered sent back to the city council with our decision endorsed thereon.

*Joseph A. Kelly, Robert K. Argentieri,* for petitioner.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Assistant City Solicitor, for respondent.