**SAMBO'S OF RHODE ISLAND, INC.**

v.

**Shirley McCANNA et al.**

**No. 78–293–M.P.**

Supreme Court of Rhode Island.

March 4, 1981.

Lovett & Linder, Ltd., Stephen G. Linder and Lauren E. Jones, Providence, for petitioner.

Pasquale T. Annarummo, Town Sol., Warren, for respondents.

OPINION

WEISBERGER, Justice.

This case comes before us on petition for certiorari to review a decision of the Town Council of the Town of Warren limiting the hours during which the petitioner's restaurant might be open for business to the hours between 6 a. m. and 1 a. m. This decision was rendered on July 11, 1978. The petitioner, Sambo's of Rhode Island, Inc. (Sambo's), sought review in this court on July 28, 1978, and we issued the writ on September 21, 1978. The facts pertinent to this controversy are as follows.

Sambo's restaurant is located on Metacom Avenue in Warren, Rhode Island, a heavily traveled highway that is also known as Route 136. On June 10, 1977, Sambo's petitioned the Town Council of Warren for authorization pursuant to G.L. 1956 (1976 Reenactment) § 5–24–1(b) to be allowed to operate its restaurant twenty-four hours a day. A special hearing was held on August 9, 1977, following which the petition was granted.

On June 6, 1978, a petition was filed with the Warren Town Council on behalf of a group of residents and taxpayers who requested a public hearing in respect to the continuation of Sambo's additional hours of operation. Notice of the public hearing was given to the manager of the local Sambo's operation and to the regional manager of Sambo's. Notice was also given by publication. A public hearing was held July 11, 1978; and after hearing the testimony of various witnesses, the town council took the following action as recorded in the hearing transcript.

"Mr. ANDRADE: Based on the evidence presented to the Council; we read the information quite thoroughly. It is known that we are familiar with the case. It is familiar because of the calls I got. * * * Due to the evidence presented to the Council, I recommend that the Council close Sambo's from one to six beginning on August 1. The reason why August 1, Sambo's is such a large operation that customers had to be notified and truckers have to be notified and I want to

be fair to all parties. I believe and the Councilmen believe the nuisance factor is, and we do not believe that Sambo's could keep with that nuisance factor no matter what they did [sic]. It's just a normal nuisance factor that at night it generates more noise than it does in the afternoon. " * * *

"Mr. THEBERGE. I make a motion to restrict Sambo's hours from six to one in the morning. Opening at six in the morning and closing at one.

"Mr. O'BRIEN. SECONDED THE MOTION. Majority voted for motion."

In support of its challenge to the action of the council, Sambo's raises several issues. However, since the first issue is dispositive of the case, it will be unnecessary to reach the other challenges posed. We have repeatedly said that a municipal board or council must, in its decision, set forth findings of fact and reasons for the action that it takes when acting in a quasi-judicial capacity. *Eastern Scrap Services, Inc. v. Harty*, 115 R.I. 260, 341 A.2d 718 (1975); *Hooper v. Goldstein*, 104 R.I. 32, 241 A.2d 809 (1968); *Novak v. City Council of Pawtucket*, 99 R.I. 41, 205 A.2d 589 (1964); *Tillotson v. City Council of Cranston*, 61 R.I. 293, 200 A. 767 (1938).

■■■ In *Hooper*, we passed upon a determination made by a municipal hearing board of the city of Providence. The ultimate findings of the board were tersely expressed in the form of conclusionary statements of guilt or innocence. Our comment upon these findings contained the following observations:

"Apart from constitutional considerations, there are several practical reasons why the board's decision should have included basic as well as ultimate findings. * * * 'The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.' 2 Davis, *Administrative Law Treatise*, § 16.05, p. 444.

"It is these considerations which have caused us to require that factual determinations be made and to insist upon an ample decisional demonstration of the grounds upon which an ultimate conclusion is predicated. *And if a tribunal fails to disclose the basic findings upon which its ultimate findings are premised, we will neither search the record for supporting evidence nor will we decide for ourselves what is proper in the circumstances. Instead, we will either order a rehearing de novo or remand in order to afford the board an opportunity to clarify and complete its decision.*" (Emphasis added.) *Hooper v. Goldstein*, 104 R.I. at 44–45, 241 A.2d at 815–16.

The foregoing comments make it abundantly clear that when a town council is acting in a quasi-judicial capacity, its members must do more than make a motion and take a vote. The determination must contain findings of fact which support the ultimate decision of the body. In the instant case, although a transcript of evidence has been furnished by one of the parties, we have no way of knowing which of the witnesses were believed and which were relied on in reaching the ultimate conclusion. Indeed, from Mr. Andrade's comments, it is difficult to determine whether he was relying upon the telephone calls that he received as well as the evidence presented to the council. Such a decision is in effect unreviewable.

"In order that [a] decision may be open to judicial review, it is necessary that some sort of record be compiled of the findings of fact and conclusions of law on which the * * * council based its action." *Eastern Scrap Services, Inc. v. Harty*, 115 R.I. at 263, 341 A.2d at 719–20.

The form in which the action of the Town Council of Warren was taken simply does not meet these basic standards.

Because the membership of the town council has changed subsequent to this hearing, we are constrained to remand the matter for hearing de novo and for a clear statement of the evidentiary basis for the council's decision. *See Brown v. Izzo*, R.I., 388 A.2d 806 (1978).

For the reasons stated, the petition for certiorari is granted, the decision of the town council is quashed, and the records of the case are ordered remanded to the Town Council of the Town of Warren with our decision endorsed thereon.