**Louis GOLDSTEIN, Appellant,**

v.

**BOARD OF LICENSES AND INSPECTION REVIEW,**
**Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted: Nov. 21, 1986.
Decided: Jan. 14, 1987.

Philip B. Bartoshesky, of Biggs & Battaglia, Wilmington, for appellant.

Donald L. Gouge, Jr., Asst. City Sol., for appellee.

TAYLOR, Judge.

This is a certiorari proceeding from the decision of the Wilmington Board of Licenses and Inspections Review [Board] which denied the appeal of Louis Goldstein, Appellant [appellant] from twelve Violation Notices and Orders charging violations of the Wilmington Building Code, Housing Code, and Health and Sanitation Code, and directing certain repairs.

After hearing held on December 18, 1985, the Board sent notice on December 19, 1985, to appellant and again on January 7, 1986, stating that the Board had denied appellant's appeal. Appellant filed a petition for certiorari in this proceeding on January 29, 1986.

The briefs discuss the following issues: (a) that the petitioner failed to file the petition timely; (b) that appellant is the owner of only one of the properties involved in this proceeding and, hence, he has no standing to challenge proceedings as to the other properties involved; (c) that the Board in hearing and deciding the matters involved here did not comply with Wilmington Charter and Code requirements; (d) that the Board denied appellant the opportunity to cross-examine witnesses and based the Board's decision on matters outside the record.

I

The first consideration is whether this certiorari proceeding was timely filed.

Appellant contends that no appeal procedure has been established which is applicable to the matters which are involved in this proceeding and, therefore, there was no time limitation for filing this proceeding. This contention starts with § 5–705 of the Charter of the City of Wilmington, which provides in pertinent part:

The Board of License and Inspection Review shall provide an appeal procedure whereby any person aggrieved ... by a Notice, Order or other action as a result of any City Inspection affecting him directly ... [shall be] afforded a hearing thereon by the Board of License and Inspection Review.

The Board relies on § 34–22 of the Wilmington Housing Code as establishing the appeal procedure required by the above-quoted Charter provision. Appellant contends that the provision relied on by the Board only applies to violations of the Housing Code and that these matters arose as violations of the Building Code.

Although the record in some instances does not categorize the alleged violations between Building Code and Housing Code, it is clear that some of the matters dealt solely with Building Code charges.

Under the Wilmington Charter, the Building Code and the Housing Code maintain separate identities, with separate applications and regulations.

The Board does not cite any regulations in the Building Code specifying a procedure for appeals from actions under that Code nor does it cite any regulations elsewhere which make the appeal provisions of the Housing Code applicable to appeal of matters involving the Building Code. The Board relies on the fact that the objective of each Code is the same—namely, the protection of the health, safety and general welfare of the public. The fact that the Codes have the same general objectives which might warrant adoption of certain similar provisions does not justify reading into one Code, provisions of another Code unless that Code, by its language, adopts language of the other Code. Such language does not appear in the Building Code.

■ The Court will not disqualify appellant for failure to comply with time restrictions which the Board has failed to adopt for the Code under which appellant's charges arose. Insofar as this proceeding involves alleged violations of the Building Code, it is timely under *Superior Court Civil Rule* 72.

■ Insofar as the proceeding involves alleged violations of the Housing Code, appellant contends that no notice was given complying with § 34–21 of the Housing Code. That Code requires that the decision of the Board must be sent by certified mail to the person who filed the petition. *Wilmington Housing Code* § 34–21. Appellee does not contend that this was done. This failure bars the Board from challenging this appeal on the ground of timeliness.

## II

■ The Board contends that appellant is the owner of only one of the properties involved in this proceeding, namely, Seven East 14th Street, and that appellant has no standing to be heard as to the other matters. The Board supports that contention with an affidavit that an owner verification search of the properties involved here shows that appellant is the record owner of only one of the properties, namely, Seven East 14th Street, and that the other properties had different owners.

Appellant points out that the Wilmington Building Code defines "owner" very broadly, including:

An owner of the freehold of the premises or any lesser estate therein, a mortgagee vendee in possession, assignee of rents, receiver, executor, trustee, lessee, agent or any other person, firm or corporation that is directly or indirectly in control of a structure. If the owner is a corporation the term "owner" shall be deemed to include in addition to those mentioned hereinabove, all officers, all directors, and all persons having an interest in more than 10% of the issued and outstanding stock of the owner as hereinabove defined, as holder or beneficial owner thereof. Wilmington Building Code § 120.0

Appellant contends that he falls within that definition. It appears that appellant filed the appeals to the Board stating that he was the "responsible person for the propert[ies]" and that the Board treated appellant as a person having status under the Building Code. The determination of those who are entitled to appeal Building Code violation proceedings should be made from the language of that Code. The Code implicates people who are not record owners. The Board apparently accepted appellant as a proper person to participate in its proceedings. This argument by the Board puts in issue the validity of its own proceeding. The Board will not be permitted to pursue such contention. *Garden Court Apartments, Inc. v. Hartnett,* Del.Super., 65 A.2d 231 (1949).

## III

Appellant contends that if the proceedings before the Board are governed by the Housing Code, the Board failed to comply with the procedure and, hence, its decisions are invalid. This discussion applies only to the proceedings involving violations of the Housing Code. Appellant refers to failure to maintain a proper record, failure to make findings of fact or to address appellant's contentions, and failure to serve its written decision as required.

Appellant relies on § 34–21 of the Housing Code, which requires:

> The proceedings at any hearing as provided for by section 34–19, including the findings and decisions of the board of licenses and inspections review, shall be summarized, reduced to writing, and entered as a matter of public record in the office of the board of licenses and inspections review. Such record shall also include a copy of every notice or order issued in connection with the matter. A copy of the written decision of the board of licenses and inspections review shall then be served in the manner prescribed under subsection (e) of section 34–18, on the person who filed the petition for hearing.

The Board record contained a verbatim transcript of its hearing, a scheduling letter notifying appellant that the December 18, 1985, hearing would be held, the decision letter dated December 19, 1985, to appellant, and a further letter dated February 7, 1986, to appellant. The record, as filed in this case, does not include every notice or order issued in connection with the matter or a summary of the Board's findings and decisions. It is noted that although all of the notices were not submitted as a part of the record, they were attached to the Board's brief and appear to have been timely sent to appellant. Appellant was present at the Board's hearing and a transcript of that hearing was transcribed. I do not find that summarization of the hearing is required, where a transcript of the hearing is made. *Kreshtool v. Delmarva Power and Light Company*, Del.Super., 310 A.2d 649 (1973).

The requirement that the Board summarize its findings and decisions in writing presents a different problem. Here, the only writings relating to the findings and decision of the Board were letters to appellant dated December 19, 1985 and January 7, 1986. The earlier letter merely states that the appeals were denied as to ten specified properties. The later letter states that "[t]he appeals in each of the above cases were denied due to the nature of the violations (unsafe building conditions) and the extended period of time that has elapsed.... the Board agreed that the existing violations would impair the general purpose and intent of the Building Code." These generalizations do not constitute "findings" as contemplated in the Code. Cf. *Garden Court Apartments v. Hartnett, supra.* The Board's failure to make the required findings renders the Board's decision invalid insofar as it finds Housing Code violations.

## IV

Appellant also contends that the Board denied appellant due process by refusing to permit appellant to cross-examine witnesses who testified before the Board.

The transcript shows that the hearing was conducted very informally and that appellant did inject comments and questions without regard to the customary delineation of direct examination and cross-examination. The hearing on Nine East 14th Street consumed fourteen pages following the pattern described above. I conclude that appellant (an attorney) was not refused the opportunity to cross-examine the witnesses and actually did cross-examine the witness and requested no further cross-examination. Hence, with respect to the hearing on that property, he has waived any objection based on lack of cross-examination.

The procedure on Seven East 14th Street followed the same pattern for seven pages. That hearing differs from the first hearing in that appellant requested the opportunity to cross-examine and was refused. The Assistant City Solicitor advised the Board that the rules did not provide for cross-examination and that appellant should address any questions to the Board. The hearings on the remaining properties proceeded without any semblance of cross-examination.

The Board's position is that appellant did not have the right to cross-examine witnesses at its hearings. It points out that cross-examination has not been required for various hearings, including: a prior disciplinary proceeding, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41

L.Ed.2d 935 (1974); proceeding to terminate welfare benefits, *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); an Environmental Protection Agency hearing, *Seacoast Anti-Pollution League v. Costle*, 1st Cir., 572 F.2d 872 (1978).

This Court held in *Blue Cross & Blue Shield of Del. v. Elliott*, Del.Super., 479 A.2d 843, 851 (1984):

> Due process requires that any testimony which may be considered in reaching an administrative decision ... must be subjected to cross-examination. 73A C.J.S. Public Administrative Law & Practice § 131, p. 53; *Parsons v. Board of Zoning Appeals*, Conn.Supr., 140 Conn. 290, 99 A.2d 149 (1953).

The Board contends that the action of the Board in this case does not deprive appellant of any property interest and, hence, its hearing is not subject to due process requirements. This position proceeds from the premise that any effort to impose criminal sanctions would be by criminal prosecution which would involve a trial de novo and that any effort to demolish the buildings would be subject to a hearing on that issue. Clarifying its position stated in its brief, the Board has indicated that the trial de novo which would occur in the case of criminal charges is upon the question of whether defendant violated the Board's order, but that the court in the criminal proceeding would not consider the appropriateness of the Board's order. Therefore, the Board's order directing appellant to take certain action with respect to his properties had a binding effect which, if violated, could result in criminal penalties.

With respect to the procedure for demolishing a building, the Board has cited no authority in support of the proposition that a further hearing must be held before the property owner could be required to demolish the building. While 25 *Del.C.* § 4601 requires five days' notice to the owner prior to demolition by the municipality in order for the cost of the demolition to be charged against the property, it does not provide for a hearing before demolition.

Hence, the Board's order in this case will stand as a final determination of issues which will have serious criminal and economic impact upon those concerned with the property. Accordingly, due process required that the Board afford to the affected party the opportunity for reasonable cross-examination. Since the Board failed to accord appellant that opportunity with respect to each of the properties except Nine East 14th Street, certiorari with respect to each order of the Board, except as to Nine East 14th Street, Wilmington, Delaware, is hereby granted and each such order is nullified. Certiorari is denied with respect to the Board's order as to Nine East 14th Street.

Appellant shall submit an appropriate form of order on notice or consent, remanding the matters to the Board for further proceedings consistent herewith.