[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The above-entitled action came before this court for hearing on a Motion for Reconsideration on December 17, 1990 before the Honorable Justice Antonio S. Almeida.
This action is before the court on plaintiff's motion seeking sanctions and costs or in the alternative asking this court to remand and order the defendant City Council to hold another hearing with specific instructions.
This court finds as follows. In early January of 1989, the plaintiff, Mark Realty, Inc., sought and received permission from the zoning board and the Planning Department of the City of Pawtucket to construct an additional 8,800 square foot building on its property located in the Ocean State Job Lot plaza at 470 Pawtucket Avenue, Pawtucket, Rhode Island. On August 9, 1989, the Pawtucket City Council ("Council") unanimously rejected the applications of plaintiff, the Store 24 of Rhode Island, Inc., for both a victualling House First Class License as well as a First Class Sunday Sales License for the property located in the Ocean State Job Lot plaza at 478 Pawtucket Avenue in Pawtucket. The Council's minutes state the reasons for denial as follows:
 1. Not compatible with neighborhood.
 2. Property owner's record of lack of concern for area.
 3. Maintenance of property not keeping with standards.
 4. Potential nuisance to residential neighborhood.
 5. Saturation of C-L development within short radius of location.
 6. Questionable land area.
 7. Traffic volume increase more than area can accommodate.
 8. Encroachment on residential area will lower property values.
 9. Potential nuisance for housing for elderly.
 10. Detriment to existing property owners who purchased under existing conditions and not with knowledge of being inconvenienced by "Convenience" store.
 11. Area has sufficient Sunday openings and victualler establishments — granting more licenses will over-saturate area.
The plaintiffs filed a complaint with this court on September 21, 1989 asserting a denial of their due process rights via denying their application for licenses without first affording them a meaningful opportunity to be heard. Specifically, the plaintiff alleged that no public hearing was held and there were no findings of fact or evidence to substantiate the record. This court denied injunctive relief and entered an order on February 16, 1990. On May 8, 1990, plaintiffs filed a Motion for Reconsideration of the February order after taking depositions of the City Council President and City Clerk. After hearing, this court granted the plaintiff's motion and entered an Order remanding the matter back to the City Council for further consideration of the plaintiff's application for a victualling House First Class License and vacated the Council's decision denying the application "without an opportunity to be heard".
In response to this court's Order, the City Council again placed this matter on their agenda. Prior to the regular City Council meeting, the application was considered during the pre-council agenda which is not part of the official record of the City Council meetings. This pre-council agenda type meeting affords the citizens of Pawtucket an opportunity to speak for or against a matter prior to the Council's final decision which is rendered during the official meeting. The only person who spoke at the pre-council meeting was the plaintiff's attorney who spoke in favor of granting the license. No other persons spoke at this meeting, nor was plaintiff's attorney questioned by any members of the Council. When this reconsideration of this application came before the regular City Council meeting on July 11, 1990, the same scenario occurred as had previously taken place at the August 9, 1989 meeting. The City Council President read into the record the same 11 reasons (outlined above) as a basis for denying the application. Thus, the plaintiff essentially argues that the City Council had no intention of honoring this court's previous Order to conduct a meaningful hearing as constitutionally required by Rhode Island case law.
Based upon these actions, the plaintiffs filed a Motion to Adjudge the Defendants in Contempt of Court, For Award of Sanctions and For the Issuance of a Writ of Mandamus. On August 1, 1990 this court conferenced the matter and on September 10, 1990 entered an Order denying plaintiff's motion, ruling that they had failed to meet their burden of proof. Hence, the Motion for Reconsideration of the September order was filed with this court on November 7, 1990.
The defendant argues that the plaintiff was offered a meaningful opportunity to be heard during the July 11, 1990 meeting and instead did not meet their burden of introducing any relevant, probative or competent evidence in support of their application and thus failed to meet their burden of showing of public convenience and necessity. In contrast, the plaintiff argues that they met their burden by presenting their case to the Council to which no objections or conflicting evidence was introduced. This court is not presented with a question as to the Council's authority to grant or not to grant a victualler's license under R.I.G.L. 1956 (1989 Reenactment) § 5-24-1. Instead presented is whether or not the Council, in denying the plaintiff's application, based the denial on "a fair and impartial application of a proper rule of law". Eastern ScrapServices, Inc. v. Hardy, 341 A.2d 718 (R.I. 1975) Without a record compiled of findings of fact and reasons for its denial of an application, this court is unable to determine whether the Council acted unreasonably, arbitrarily, or capriciously. Id.
at 720.
Here, the ultimate findings of the City Council were expressed in the form of conclusionary statements without any basic findings or factual determinations which demonstrate the grounds upon which an ultimate conclusion is predicated. When a tribunal fails to disclose these basic findings upon which its ultimate findings are premised, this court "will neither search the record for supporting evidence nor will we decide for ourselves what is proper . . . [I]nstead, we will either order a rehearing de novo or remand in order to afford the board an opportunity to clarify and complete its decision". Sambo's ofRhode Island v. McCanna, 431 A.2d 1192, 1193 (R.I. 1981) quotingHooper v. Goldstein, 241 A.2d 809, 815-16 (R.I. 1968).
For the above-stated reasons, it is ordered, adjudged, and decreed:
1. Plaintiff's Motion for Reconsideration of this court's order dated November 7, 1990 is granted.
2. The decision of the Pawtucket City Council on July 11, 1990 in denying the plaintiff, the Store 24 of Rhode Island, Inc., a victualling House First Class License upon re-application without providing legally sufficient evidentiary support is vacated.
3. The re-application by the Store 24 of Rhode Island, Inc. for a victualling House First Class License is hereby remanded to the Pawtucket City Council for further consideration in specific accordance with this opinion.
BY ORDER:
__________________________
ENTER: _________________________(J)
DATED: _________________________