## The BATH *bridge and turnpike company, petitioners for certiorari, vs.* MAGOUN *& als.*

The writ of *certiorari* is grantable only on the petition of those who have a direct and vested legal interest in the subject matter.

Therefore, though a county road was illegally laid out, and, being a free road, operated to the injury of a neighboring turnpike, by diverting the travel therefrom; yet a writ of *certiorari* was refused on the petition of the turnpike corporation, because it owned no land over which the road was laid, and was not directly affected in any of its vested rights, the damage it sustained being only remote and incidental.

BY the private statute of *March* 17, 1830, [*ch.* 114,] the Courts of Sessions for the counties of *Cumberland* and *Lincoln*, were authorised to lay out a county road across the tide waters of *New Meadows* river, and "running from the village in *Bath* to the village in *Brunswick;*" provided, among other things, the inhabitants of those towns, at any legal meeting within two years from the passing of the act, should give their assent to its provisions. To these provisions *Bath* gave an absolute assent; but *Brunswick* qualified its assent with the condition that a stone bridge be built over its portion of the river, and a good road made from the river to *Cook's* corner, where it was supposed the new road would terminate, at a cost not exceeding seven hundred dollars.

The Court of Sessions thereupon located the new road, beginning at a place on the old road, nearly half way from *Brunswick* to *Bath* village, thence crossing the river, and coming again into the old road a little north of the latter place. The record of the location was in the common form, no notice being taken of the act, or of the assent of the towns.

The *Bath* bridge and turnpike corporation, whose tolls would be diminished by the opening of this road, now applied to this Court for a writ of *certiorari* to quash the proceedings; alleging, for errors, that the road was laid over navigable waters, yet that the commissioners did not assume to act under the authority of the statute

of *March* 17, 1830; that the road was not laid from village to village in conformity with its provisions; and that the two towns never gave their assent in manner and form as the act required.

*J. & E. Shepley* for the petitioners.

*Greenleaf* and *Randall* for the respondents.

MELLEN C. J. delivered the opinion of the Court.

On inspection of the record of the location of the road described in the application, we entertain no doubt as to the irregularity of the proceeding, on account of the noncompliance with the condition of the act authorising the location over the tide waters therein described; and we should immediately grant the writ, as prayed for, were we not satisfied that we have no authority to grant it on the present petition. From the facts before us we have no doubt that the road, the location of which is complained of, if completed, would indirectly be essentially prejudicial to the private interest of the corporation; but such an indirect interest, does not authorise the interposition of the corporation in this mode.

In some respects there is a difference between a writ of error and a writ of *certiorari,* and in some respects there is a strong resemblance. The former lies where the proceedings are according to the course of the common law; in other cases a *certiorari* is the proper writ. A writ of error is a writ of right; a writ of *certiorari* is not; it is a matter of sound discretion to grant or refuse it. There are several other points of difference. They are alike in this, that no one but a party to the record, or one who has a direct and immediate interest in it or is privy thereto, can maintain either of those writs. *Porter v. Rumery,* 10 *Mass.* 64; *Shirley v. Lunenburg,* 11 *Mass.* 379; *Grant v. Chamberlain,* 4 *Mass.* 611; *Haines v. Corlis, ib.* 659; *Glover v. Heath,* 3 *Mass.* 252. In the above cases the rights and interests of heirs, devisees, executors and administrators, are recognised, as well as those of the original parties; but we are not aware that those, not having any such rights or interests, are entitled to either of the before mentioned writs. Numerous cases have occurred, and many are reported, in respect to

the location of roads, &c. but they have always been prosecuted by those having a direct, legal, statute interest in the proceedings complained of.   As our laws on this subject now stand, the individuals whose land is appropriated for the road have a direct interest of a pecuniary character.   So has the county, because liable by law to pay to the owner the estimated value of the land so appropriated. So has a town, because by law bound to make the road and keep the same in repair.   On applications for a *certiorari* it is usual to notify one or more of the petitioners for the road, as being parties on the record.   In the case before us the corporation does not present itself in either of the above mentioned characters.   It is a stranger to the record and has not any direct statute interest in it.   Any injuries it may sustain are of a remote and incidental nature.   Suppose that by the location of a new road, the stages, and travellers of various kinds, are induced to leave the old road and a long established and profitable hotel, by means of which it becomes useless, and the owner is deeply injured in his property ; surely these circumstances would not clothe him with the rights of a party and authorise him to prosecute a writ of *certiorari* for the purpose of obtaining a quashment of the proceedings by which the road was located.   For the reasons above given, a

<div align="center">

*Writ of certiorari is not granted.*