THE ALDEE CORPORATION *vs.* JOHN J. FLYNN *et al.*

NOVEMBER 7, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a petition for *certiorari* to review the action of the town council of West Warwick in denying petitioner's application for a gasoline filling station license. Respondents moved that the petition be dismissed "for want of sufficient record, or that it be remanded to the respondent Council for a hearing de novo and the compilation of a complete record of such hearing." This motion was heard at the hearing on the merits of the petition.

Respondents also argued at the hearing a question of jurisdiction. They contended that this court was without jurisdiction to review the town council's action by *certiorari* since petitioner had an adequate remedy by appeal to the superior court under general laws 1938, chapter 333, §49, which was exclusive. That section provided that "Any person aggrieved by any order or decree of a town council may appeal therefrom to the superior court for the county in which such town is located, within 40 days next after such order or decree shall have been made, unless other provision be made." In 1905 that section was amended so as to read as it does now. Prior thereto it did not designate the court to which an appeal must be taken.

In 1892 this court held that this section as it then read "was not intended to confer the *right* of appeal, but merely to fix a limitation of time within which such right, which is elsewhere specifically given, could be exercised." *Walsh* v. *Town Council of Johnston*, 18 R. I. 88, 89. In the course of its opinion, however, the court adverted to the fact that the section did not designate the court to which the appeal must be taken and it said that this tended to make manifest the construction which it had placed on the section. But the court did not, as the respondents here seem to argue, rest its opinion on that fact. It is clear from a careful reading of the whole opinion that the court felt that in the matter of internal police the general assembly had given to the town council exclusive jurisdiction and that unless a right of appeal was specifically granted in such matters none was to be inferred from the general statute before it, although it did recognize the authority of this court to intervene by *certiorari* to prevent the town council from acting arbitrarily or beyond its powers.

Such was the view which this court later took in *Brown* v. *District of Narragansett*, 21 R. I. 503, wherein the opinion in the *Walsh* case is relied upon. And in *Donahue* v. *Town Council of Cumberland*, 25 R. I. 79, the court in denying an

appeal took the same view and added that if the town council's action was reviewable it was only by *certiorari.*

Even since 1905, especially in license cases, this court has invariably, as far as we are aware, reviewed the actions of local police and licensing bodies, including town councils, by *certiorari.* See *Greenough* v. *Town Council of Narragansett,* 29 R. I. 380; *Greenough* v. *Board of Police Comm. of Tiverton,* 30 R. I. 212; *Baur* v. *Town Council of Narragansett,* 39 R. I. 500; *Tillotson* v. *City Council of Cranston,* 61 R. I. 293; *Thayer Amusement Corp.* v. *Moulton,* 63 R. I. 182. It is true that in none of those cases was any claim made that the proper remedy for the petitioner was an appeal to the superior court and not by *certiorari* from this court, but nevertheless they indicate a long period of uniform practice in which the bar apparently became convinced that the appropriate method for obtaining a review of the actions of town councils, in license cases at least, was to petition this court for *certiorari.*

Aside from authority and purely upon principle we are of the opinion that in such cases *certiorari* is the proper remedy. In *certiorari* the review which is permitted of the town council's action is strictly limited to questions of law, whereas the appeal referred to in §49 is similar to a probate appeal and transfers the case to the superior court for a trial *de novo* within the reasons of appeal. In the latter proceeding the court is authorized to substitute its judgment, both on the law and the facts, in place of the town council's action.

If in license cases, such as the instant case, an appeal was the proper remedy the superior court would thus become a superior licensing authority. We are of the opinion that the legislature did not intend by the general language of §49 to cast such a burden upon that court and to deprive a town council of the exclusive power and authority to supervise such matters of internal police and administration. On the contrary, it is our opinion that in the case at bar the action of the town council is subject only to limited review by *certiorari.* By that writ this court may, if the town council

exceeds its jurisdiction or any other serious irregularity inheres in its action upon a matter within its jurisdiction, correct error and prevent injustice. Respondents' contention that this court is without jurisdiction to review, by *certiorari,* the town council's action is, therefore, without merit. Likewise without merit is their contention that the record certified is insufficient. We are of the opinion that it is sufficient for the purpose of the limited review allowable in *certiorari.* Respondents' motion to dismiss is, therefore, denied.

In the case at bar petitioner duly filed with the town council an application for a gasoline filling station license. According to the parties, only the following provisions of section 31 of the building laws of the town of West Warwick are involved in the consideration of such application:

"1.   No owner or other person shall hereafter locate a pump as herein defined, or a pump to be used to distribute petroleum products or any attachment thereof within 10 feet of the boundary line of a town or state highway, without first obtaining the permission of the Town Council and the Council shall determine application for such permission upon the basis of public safety and may impose, upon permits granted, reasonable conditions to insure public safety.

"2.   Every owner shall after July 1, 1937 before continuing or commencing to transact the business of operating a filling station, obtain from the Town Council a license for each filling station operated. Applications for such licenses shall be made to the Council on forms to be obtained from the Council Clerk and the Council if satisfied as to the facts stated in said application shall issue a license for each such filling station which license shall entitle the owner to continue or commence to engage in said business within this town, providing said owner shall have complied with all ordinances or other town regulations, regarding the location of pumps. A fee of $2.00 for each such license shall be paid to the Council, from the date of issuing licenses until the first day of July next ensuing such date."

Petitioner's application and the building plans of the proposed filling station, which it filed with the town council and

which have been certified to this court, clearly disclose that the petitioner was applying for a license under paragraph 2 above quoted and not under paragraph 1. It did not desire to locate any pump or any attachment thereof within ten feet of the boundary of a town or state highway. The only question before the town council, therefore, was whether petitioner had shown, by its application and plans, compliance with the requirements of paragraph 2. It does not appear from the record certified to this court that the town council found any failure to so comply. An inspection of the application and the plans does not disclose any such failure. Nevertheless the town council, without advancing any reason therein for its action, adopted a resolution denying petitioner's application. On its face the resolution, unaccompanied by the record of any hearing on the application, appears to be arbitrary and capricious. Under either paragraph 1 or 2 it is not entitled to stand as the final action on the application.

If the application had come within the purview of paragraph 1, the exercise of discretion by the town council in determining the question of public safety would have been invoked. In such circumstances it would be our duty to quash the town council's action and remand the cause for an appropriate hearing, compiling of the record thereof and the assignment of reasons by the town council for its action, in order that we might properly review it. However, in our opinion, the application came within the provisions of paragraph 2. Under such paragraph there is no discretion vested in the town council. As we construe that paragraph, the town council's duty thereunder is ministerial. Without the exercise of any judicial discretion it could satisfy itself whether the applicant for a license thereunder has complied with the definite requirements of the paragraph. We are, therefore, of the opinion that the town council exceeded its jurisdiction in determining that a question of public safety was involved under petitioner's application, and that, on the record before us, it erred in denying the application.

Unless there are other facts not disclosed by that record which would cast doubt on the ministerial nature of the council's duty in the premises, it ought to grant the petitioner's application. However, we cannot, in common-law *certiorari*, order that this be done, although the petitioner prays that we issue a prerogative writ of injunction which would, in effect, command the town council to so act. In support of its claim of right to such relief in *certiorari*, petitioner cites a number of recent cases commenced by such writ wherein we ordered respondents to grant the relief which petitioners had applied for and which we held respondents had erroneously denied. We need not cite those cases, as they were zoning cases, and they do not help the petitioner here, since the instant case is admittedly not a zoning case. Under the zoning law this court is expressly authorized to grant a measure of relief that is broader than is allowable in *certiorari* at common law. G. L. 1938, chap. 342, §8. The traditional office of *certiorari* at common law is to bring up the record of the inferior tribunal for inspection in order that errors of law, if found therein, may be quashed, and for no other purpose.

The action of the town council in denying petitioner's application is quashed.

*Edward Winsor, Charles P. Williamson, Edwards & Angell, Roland E. Meunier,* for petitioner.

*Patrick H. Quinn,* Town Solicitor, *Aram A. Arabian,* for respondents.