ORDER OF ST. BENEDICT IN PORTSMOUTH, RHODE ISLAND *vs.*

TOWN COUNCIL OF THE TOWN OF PORTSMOUTH.

AUGUST 23, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

504

ANDREWS, J. This proceeding was commenced by the appeal of the Order of St. Benedict in Portsmouth, Rhode Island, hereinafter called the Order, to the town council of the town of Portsmouth, hereinafter called the council, from the order of the council granting a building and petroleum storage permit to the Commerce Oil Refining Corporation, a foreign corporation.

The council denied the appeal and the Order appealed therefrom to the superior court. Thereupon that court, after denying certain motions made by the Order, granted the council's motion to dismiss the appeal. It is to review

these adverse rulings that the Order has brought the case here on its bill of exceptions.

The case turns upon the construction of sections 49 and 52 of chapter 333, general laws 1938, the pertinent parts of which read as follows:

"§49. Any person aggrieved by any order or decree of a town council may appeal therefrom to the superior court for the county in which such town is located, within 40 days next after such order or decree shall have been made, unless other provision be made."

"Sec. 52. Town and city councils and the representative council of the city of Newport may from time to time make and ordain all ordinances and regulations for their respective towns and cities, not repugnant to law, as they may deem necessary, regulating the manner of constructing and equipping of all buildings and other structures within said town or city which may be erected, altered or repaired after the passage of such ordinance. Said town, city or representative council shall have the power to appoint an inspector of buildings and define his duties in the issuance of building permits and in the administration and enforcement of such ordinance."

There is nothing in the rest of this section that provides for an appeal. Section 49 substantially in its present form has been in our statutes since 1867, but sec. 52 was not added to chap. 333 until the enactment of P. L. 1950, chap. 2525.

In *Walsh* v. *Town Council*, 18 R. I. 88 (1892), which involved an appeal of a highway commissioner, the court at page 89 held that the pertinent section, which is now §49, was not intended to confer a right of appeal but merely fixed a time limit "within which such right, which is elsewhere specifically given, could be exercised." At page 90, the court further pointed out: "An appeal is a purely statutory right, and lies only in cases where the statute expressly provides for it * * *." In that case Walsh was discharged under a provision which is now §12 of chap. 333, which reads as follows:

"In case of the incapacity of any surveyor of highways, or of any tyrannical and unwarrantable exercise by him of the powers of his office, the town council may, after giving him such notice as they may deem reasonable, either suspend or altogether remove him from his office and appoint another in his place."

In that case the court stated at page 91: "An examination of the several statutes relating to the powers and duties of town councils also shows, that as to very many of the judgments and decrees which they are authorized to render and make, no appeals are provided for. And it is evident that the judgment or decree which they have power to render and make under the provisions of said section 12, of chapter 38, is one of that class. It is a matter connected with the internal police and administrative government of a town, over which the legislature has given exclusive jurisdiction to the town council."

Section 49 has been before this court in several cases since the *Walsh* decision and that case has been consistently followed. In the last of these cases, *Aldee Corp.* v. *Flynn,* 72 R. I. 199 (1946), the town council had denied an application for a gasoline filling station license. The applicant brought a petition for certiorari and the respondents claimed that Aldee Corporation should have appealed that decision under §49. On the authority of the *Walsh* case the court rejected such claim and after discussing that case stated at page 201: "Aside from authority and purely upon principle we are of the opinion that in such cases *certiorari* is the proper remedy. In *certiorari* the review which is permitted of the town council's action is strictly limited to questions of law, whereas the appeal referred to in §49 is similar to a probate appeal and transfers the case to the superior court for a trial *de novo* within the reasons of appeal. In the latter proceeding the court is authorized to substitute its judgment, both on the law and the facts, in place of the town council's action. If in license cases, such as the instant case, an appeal was the proper remedy the superior court

would thus become a superior licensing authority. We are of the opinion that the legislature did not intend by the general language of §49 to cast such a burden upon that court and to deprive a town council of the exclusive power and authority to supervise such matters of internal police and administration."

In the instant case the Order contends in its brief: "Clearly the denial of an appeal from the grant of a building permit to construct an oil refinery by a person aggrieved is not a matter of 'internal police and administrative government.'" However, the *Walsh* and *Aldee Corporation* cases make it clear that the discharging of a highway superintendent and the issuance or denial of a gasoline station license were matters of internal police and administrative government of a municipality. In our opinion the granting of a building permit and the denial of its revocation, like the discharging of a highway superintendent or the issuance or denial of a gasoline station license, may properly be called a matter of internal police and administrative government of a municipality.

The general assembly has met a great many times and four revisions of the statutes have been made since the *Walsh* case was decided and yet no change has been made in the statute. In our judgment if the holding in that case had not conformed to the intent of the general assembly it certainly would have amended the statute. There is a presumption that the ruling met with the general assembly's approval. See *Sampson* v. *Sampson*, 16 R. I. 456, 457. We are satisfied that it recognized the wisdom behind that ruling and therefore made no statutory change.

It is our opinion that the action of the superior court in dismissing this appeal was correct. Such being the case, it is unnecessary to consider the rulings on the motions made within the appeal because they go down when the appeal falls.

All of the exceptions of the Order of St. Benedict in

Portsmouth, Rhode Island, are overruled, and the case is remitted to the superior court.

*Cornelius C. Moore, John C. Burke, Salvatore L. Virgadamo, Frederick W. Faerber, Jr., Francis J. Boyle, James E. Murphy,* for appellant.

*Letts & Quinn, Edward M. Dolbashian,* Town Solicitor, for appellee.