## JEAN SCHNEIDER *vs.* CHARLES F. REYNOLDS, LIQUOR CONTROL ADM'R *et al.*

### JULY 25, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for a writ of certiorari to quash the decision of the liquor control administrator in reversing the action of the city council of Woonsocket denying the petition of a druggist, who was the holder of a class A liquor license, to change the location of the license, and of the council in obeying the order of the administrator to grant the change. Pursuant to the writ the pertinent papers have been certified to this court by the respondents.

The petitioner challenges the jurisdiction of the administrator to entertain the appeal from the city council and the action of the council in obeying the administrator's order. The first question for determination is whether the petitioner is a person who can make these challenges, valid or invalid. We think he is not. Not everyone can bring a

writ of certiorari. The petitioner was a remonstrant before
the city council and before the administrator on appeal and
describes himself merely as an inhabitant, taxpayer and
property owner. He alleged no anticipated harm from the
license although before the administrator he testified that
he felt the value of his three-family house would be lessened
by the transfer. The house was located in a tenement dis-
trict. The building to which the license was transferred was
a modern building, and the druggist testified that the
value of the surrounding property would be increased by
the transfer. The administrator found: "Nor does the
new location offer any threat to property values in the area
* * *." We agree with him.

In *Champlin* v. *Probate Court of Exeter*, 37 R. I. 349,
it was held that an expectant heir of the ward is not a per-
son aggrieved by a decree appointing a guardian of a per-
son of full age and for the same reason has no standing to
bring a writ of certiorari to test the validity of such appoint-
ment. The petitioner was characterized by the court as
"simply an intermeddler."

At page 350 of that opinion the court referred to 4 Ency.
Pl. & Pr. 167, where in the article on certiorari it is stated:
"The true test, as announced by an eminent judge, as to the
right of review is, was the person seeking the review a party
in form or in substance to the proceedings sought to be
reviewed, so as to be concluded by the determination there-
on? * * * It is worthy of remark that in most of the cases
where the writ is granted on the application of one who is
not a party, the proceedings under review are not of that
character which requires regular parties plaintiff and de-
fendant, as in ordinary suits; and also that in such cases
the writ is never granted except on the application of one
whose interest in the proceedings is direct and immediate."

In a note at the foot of page 167, *Bath Bridge & Turn-
pike Co.* v. *Magoun*, 8 Me. 292, is cited. In that case a new
road had been laid out between Brunswick and Bath. The

petitioner, whose tolls would be diminished by the new road, sought by writ of certiorari to quash the proceedings under which the road had been laid out. The court said the proceedings were irregular and that it was apparent that the bridge company would be hurt by the new road, but as its interest was not direct and immediate and its injuries were remote and of an incidental nature, it was not entitled to the writ.

In *Moretti* v. *Division of Intoxicating Beverages,* 62 R. I. 281, this court held that while a remonstrant had a right to be heard before the local licensing authority, he does not, as such, have the right to appeal from the action of such authority to the division of intoxicating beverages, the predecessor of the liquor control administrator.

The second paragraph of general laws 1938, chapter 163, §7, deals with class A licenses. An examination of that paragraph shows that this petitioner is not a person who can appeal from the granting of a class A license. He is not a party in form or substance to the license proceedings and his alleged injury is not direct and immediate. He is a mere member of the public the protection of whose interest is entrusted to the licensing authority and he has no right to the writ which he seeks.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the respondents with our decision endorsed thereon.

*DePasquale & Pucci, Thomas D. Pucci, Ralph Rotondo,* for petitioner.

*William E. Powers,* Atty. Gen., *Francis J. Fazzano,* Ass't Atty. Gen., *Benjamin Winicour,* for respondent Liquor Control Adm'r.

*Richard A. Baldwin,* Ass't City Solicitor, for respondents City Council and Finance Director.