**327 A.2d 838.**

PILGRIM LAND DEVELOPERS, INC. *vs.*
ANTHONY L. SANTILLI *et al.*

NOVEMBER 12, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Pursuant to P. L. 1926, ch. 919, the plaintiff, Pilgrim Land Developers, Inc., applied to the West Warwick Town Council for the dedication of a public highway. On June 23, 1972, the council denied that request. The plaintiff then filed a timely claim of appeal with the town clerk thereby initiating the procedures for judicial review of the town council order provided by G. L. 1956 (1970 Reenactment) §§45-5-16 and 45-5-17.[1] It did not follow up that action, however, by filing its reasons of appeal in the Superior Court until August 23, 1972, which was 11 days subsequent to the expiration of the 50-day period prescribed by §45-5-17 for the submission thereof.

---

[1] General Laws 1956 (1970 Reenactment) §§45-5-16 and 45-5-17 read as follows:

"45-5-16. Appeals from orders and decrees.—Any person aggrieved by any order or decree of a town council may appeal therefrom to the superior court for the county in which such town is located, within forty (40) days next after such order or decree shall have been made, unless other provision be made."

"45-5-17. Claim and prosecution of appeals.—Such appeal shall be claimed within said forty (40) days by the filing with the town or city clerk of a written claim of appeal and the payment to him at that time of the lawful fees for a copy of the record of the proceeding appealed from. Within fifty (50) days from the date of the determination appealed from the appellant shall file a copy of the record of the proceeding appealed from, together with a specific statement of his reasons of appeal, in the clerk's office of the superior court for the county, to which reasons the appellant shall be restricted, unless for cause shown, and with or without terms, the superior court allow amendments thereof and additions thereto. Notice of such appeal shall be given in the same manner, and the assignment day thereof shall be the same, as is provided for probate appeals, and any justice of the superior court may, with or without terms, extend the time for filing a copy of the record and for making service or further service of the notice of said appeal."

Thereafter, on February 6, 1973, the plaintiff sought to obviate the effect of its delay by asking the Superior Court to extend nunc pro tunc the time for filing those reasons. As grounds for that request, it relied upon the stipulation of the West Warwick Town Solicitor not to object to the late filing. In the meantime, however, intervenors had appeared with permission of the court, and their objection to the granting of the motion to extend nunc pro tunc was sustained. The plaintiff, apparently doubtful as to the correct method for seeking review of that ruling, both appealed and petitioned for a writ of certiorari. We ordered the writ to issue, *Pilgrim Land Developers, Inc.* v. *Santilli*, 111 R. I. 918, 302 A.2d 319 (1973), and then consolidated the two proceedings for hearing before this court. *Pilgrim Land Developers, Inc.* v. *Santilli*, 111 R. I. 929, 304 A.2d 360 (1973).

At one time in this state appeals from orders or decrees of Probate Courts as well as from orders or decrees of town councils were governed by the same enactment (G. L. 1896, ch. 248, and its predecessors). Shortly thereafter, however, the Legislature in The Court and Practice Act of 1905 provided in separate sections, but in substantially similar form and language, for probate appeals (sec. 796) and for appeals from town council decisions (sec. 1097).[2]

In *Steinhof* v. *Keefer*, 101 R. I. 472, 476, 224 A.2d 897, 899 (1966), we held that the filing of the reasons of appeal within the 50-day statutory time limit was a jurisdictional prerequisite in a probate appeal that could not be waived by an agreement of the parties. The plaintiff has suggested no sound reason in the case of appeals from town council decisions why a comparable provision em-

---

[2]At the present time appeals from probate orders or decrees are controlled by G. L. 1956 (1969 Reenactment) §33-23-1, and from town council decisions and orders by G. L. 1956 (1970 Reenactment) §§45-5-16 and 45-5-17.

bodying the same requirements and stemming from a common source should be construed otherwise.

Conceding arguendo that the time period for filing reasons of appeal may be jurisdictional, plaintiff nonetheless argued orally that the Superior Court is not thereby inhibited from exercising its power under §9-21-6, as amended by P. L. 1973, ch. 204, sec. 1, to allow an appeal from a town council decision to be claimed out of time. That statute, if otherwise apposite, could operate as plaintiff suggests provided the interests of justice so require and provided further that the appeal was dilatory because of accident, mistake, unforeseen cause or excusable neglect. If §9-21-6 is assumed to be procedural and therefore operable retrospectively, *Romano* v. *B. B. Greenberg Co.*, 108 R. I. 132, 136, 273 A.2d 315, 317 (1971), and further assumed to be applicable to the filing of the reasons of appeal rather than only to the claim of appeal, it would still avail plaintiff naught in this case. This is so because relief under that statute must be requested within 90 days after the entry of the order or decision from which the appeal is sought. In this case, however, the date of the decision which plaintiff wants reviewed was June 23, 1972, whereas its motion to extend the time for filing its reasons of appeal was not filed until February 6, 1973. By that time the 90-day period had long since elapsed.

The petition for ceritorari is denied pro forma, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Adler, Pollock & Sheehan Incorporated, Edward L. Maggiacomo, John F. Bomster*, for plaintiff.

*G. John Gazerro, Jr., John S. Brunero*, for defendants.