140

341 A.2d 733.

PILGRIM LAND DEVELOPERS, INC. *vs.*
ANTHONY L. SANTILLI *et al.*

JULY 15, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Pilgrim Land Developers, Inc., is the owner of certain real estate located largely in the city of Cranston and partly in the town of West Warwick. In order to provide public highway access to a proposed residential subdivision, it petitioned the West Warwick Town Council pursuant to P. L. 1926, ch. 919, to accept a portion of its West Warwick land for dedication as a public street. The town council denied that application on June 23, 1972, and Pilgrim thereupon appealed to the Superior Court. Although the appeal was dismissed on the jurisdictional ground that Pilgrim had failed to file its reasons of appeal within the time limit required by G. L. 1956 (1970 Reenactment) §45-5-17, the trial justice heard the case without a jury and, after reviewing the records of the proceeding before the town council and hearing arguments of counsel, concluded that Pilgrim's appeal, were it properly before him, would be sustained. On review we did not

reach the merits, but we sustained the jurisdictional ruling of the trial justice. *Pilgrim Land Developers, Inc.* v. *Santilli,* 114 R. I. 20, 327 A.2d 838 (1974).

While the case was pending in this court Pilgrim had again petitioned the town council for approval of its proposed street dedication.[1] This time the council summarily denied its request, and Pilgrim once again appealed to the Superior Court. Included in the record of appeal were the transcripts both of the proceedings of summary rejection and of the full hearing on Pilgrim's earlier application. The trial justice, taking no new evidence and considering only the records of the two hearings before the town council, concluded as before that the town council had erred and that the street should be accepted. From a judgment embodying that conclusion, the town council now appeals.

In its brief the town council assigns error only to the trial court's "substituting its Judgment and totally ignoring the decision of the Town Council on a purely legislative matter." And it argues, in substance, that Pilgrim has no right of appeal because ch. 919[2] does nothing more

---

[1]The town council in no way suggests that the doctrine of administrative finality ought to bar Pilgrim's right to a rehearing on its petition, and for that reason we are constrained not to reach the question of whether that doctrine, if asserted, would properly obtain to these and like proceedings.

[2]Public Laws 1926, ch. 919, provides in pertinent part:
"Sec. 3. Any person or persons aggrieved by any such action of said town council may appeal from such action to the superior court for Kent county in the same manner and subject to the same provisions as prescribed by law for appeals from the orders and decrees of town councils: Provided, that upon such appeal * * * said court or the court with a jury if a jury trial is claimed by either party, within ten days after the filing of the reasons of appeal, shall try the case * * *."

than incorporate §45-5-16[3] by reference and because the predecessor of §45-5-16 was held, in *Order of St. Benedict v. Town Council,* 84 R. I. 503, 125 A.2d 150 (1956), not to create a right of appeal from town council decrees but only to establish a time limit for appeals therefrom expressly provided for elsewhere. Even if Pilgrim were deemed to have a right of appeal, it continues, the trial justice had no authority to review the case *de novo* and hence ought instead to have deferred to the town council's legislative judgment.[4]

Those arguments, however, completely misconceive the clear import of ch. 919. It is Pilgrim's position — and we agree — that ch. 919, §3, plainly provides that persons aggrieved by street dedication actions of the West Warwick Town Council have the right to appeal from such actions to the Superior Court, and that if appeals are taken thereunder the Superior Court has jurisdiction to review contested town council rulings *de novo.* That position is amply supported in our opinion both by the proviso of §3,[5] which provides *inter alia* for a jury trial if claimed by either party, and by the language of ch. 919, §1, which says in essence that no dedication of streets shall be accepted by the town clerk unless those streets "have been

---

[3]General Laws 1956 (1970 Reenactment) §45-5-16 reads as follows:

"Any person aggrieved by any order or decree of a town council may appeal therefrom to the superior court for the county in which such town is located, within forty (40) days next after such order or decree shall have been made, unless other provision be made."

[4]The town council assigns no error either to the procedure followed by the trial justice in his hearing of this appeal or to his findings on the weight and credibility of the evidence presented. It challenges instead only Pilgrim's right to obtain, and the Superior Court's jurisdiction to conduct, a *de novo* hearing on appeal. Beyond a resolution of that issue, then, we need express no opinion on whether the trial justice followed acceptable procedure and whether his determination on the merits was otherwise valid.

[5]*See* note 2, *supra.*

first approved by the town council * * * *or on appeal there-from by judgment of court as hereinafter provided."* (Emphasis added.)

Furthermore, we see no merit in the town council's contention that ch. 919, because it in part provides for appeals "* * * in the same manner and subject to the same provisions as prescribed by law for appeals from the orders and decrees of town councils,"[6] goes no further than to incorporate §45-5-16 by reference. On the contrary, it is entirely consistent with the view we take of ch. 919 to conclude, as Pilgrim suggests, that this language means only that the procedural requirements set forth in §45-5-16 shall apply to appeals brought under ch. 919 and, accordingly, that ch. 919 confers precisely the sort of express right of appeal, beyond §45-5-16, that the town council tells us was required by this court in *Order of St. Benedict* v. *Town Council, supra.*

For those reasons, we hold that the Legislature has plainly granted the Superior Court the power to review *de novo* the West Warwick Town Council's denial of Pilgrim's request, and that therefore the trial justice did not err in substituting his own judgment on appeal for that of the council.

The town council's appeal is denied and dismissed, the judgment appealed from is sustained, and the case is remitted to the Superior Court for further proceedings.

*Adler, Pollock & Sheehan Incorporated, Edward I. Maggiacomo,* for plaintiff.

*John S. Brunero,* Town Solicitor, for defendant.

---

[6]*See* note 2, *supra.*