341 A.2d 718.

EASTERN SCRAP SERVICES, INC. *vs.* WILLIAM HARTY *et al.*

JULY 29, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a petition for a writ of certiorari to review the action of the City Council of Pawtucket in denying the petitioner's application for a second-hand shop license. We ordered the writ issued, and in compliance therewith, the pertinent records of the city council have been certified to this court.

The petitioner, a Rhode Island corporation and the lessee of a parcel of real estate located on York Avenue in the city of Pawtucket, obtained from the zoning officer of that city a Certificate of Zoning Compliance for the use of these premises for the purchase and selling of semi-precious metals. Thereafter, pursuant to chapter 21 of title 5 of the General Laws of Rhode Island, as amended by P. L. 1965, ch. 138, §1 and chapter 1117, as amended, of the Revised Ordinances of Pawtucket, the petitioner applied to the city council for a license to use his premises for the business of purchasing and selling semiprecious metals. When the application for the license was denied, petitioner filed this petition.

In our order granting the writ, we directed the parties to brief the question of whether G. L. 1956 (1970 Reenactment) §45-5-16 renders improvident the issuance of the writ of certiorari. We now consider that question.

The petitioner takes the position that §45-5-16 merely establishes the time limitation within which an appeal which is specifically authorized elsewhere may be exercised, but that it does not confer any right of appeal. In support of his argument he directs our attention to the following line of cases: *Order of St. Benedict* v. *Town Council of Portsmouth,* 84 R. I. 503, 125 A.2d 150 (1956); *Aldee Corp.* v. *Flynn,* 72 R. I. 199, 49 A.2d 469 (1946); *Walsh* v. *Town Council of Johnston,* 18 R. I. 88, 25 A. 849 (1892). The petitioner therefore contends that certiorari is the only remedy available to obtain review of the decision denying his application for a license. *Aldee Corp.* v. *Flynn, supra.*

The respondents, while conceding that this court has ruled that certiorari is the proper vehicle by which to obtain review of quasi-judicial actions of a town council, point nevertheless to the rule that when the language of a statute is clear and unambiguous the court is without

power to construe the statute but must interpret it literally. *Podborski* v. *William H. Haskell Mfg. Co.*, 109 R. I. 1, 279 A.2d 941 (1971); *United Transit Co.* v. *Hawksley*, 86 R. I. 53, 133 A.2d 132 (1957). The respondents suggest, therefore, that we should interpret §45-5-16 as providing an aggrieved party with a right of appeal to the Superior Court, and in so doing overrule *Aldee Corp.* v. *Flynn, supra.*

We are not persuaded by respondents' argument. This court has repeatedly held that long-standing acquiescence by the Legislature in a judicial determination of legislative intent warrants an assumption of legislative approval. *Mercurio* v. *Fascitelli*, 107 R. I. 511, 268 A.2d 427 (1970); *Henry* v. *J. W. Eshelman & Sons*, 99 R. I. 518, 209 A.2d 46 (1965); *Colarusso* v. *Mills*, 99 R. I. 409, 208 A.2d 381 (1965). In this instance, our construction of §45-5-16 and its predecessors has survived over half a century without eliciting a sign of legislative disapproval.

After a reexamination of the cases in which §45-5-16 has been interpreted, we find no reason to depart from the reasoning expressed therein. We therefore specifically affirm the holding in *Aldee Corp.* v. *Flynn, supra,* and conclude that the proper procedure to gain review of a quasi-judicial action of a town council, except where a right of appeal is specifically provided by statute, is by a writ of certiorari to this court. The writ was therefore providently issued.

As grounds for his petition, petitioner alleges that §5-21-1 of the General Laws of Rhode Island and chapter 1117 of the Revised Ordinances of Pawtucket are unconstitutional and also that the action of the city council in denying the application for the second-hand shop license was arbitrary, capricious, and unreasonable. Because of the view we take of the action of the city council, it is

not necessary at this time to pass on the constitutionality of the statute or the ordinance.

The city council, in denying a petitioner's application, must base its denial on a fair and impartial application of a proper rule of law. In order that this decision may be open to judicial review, it is necessary that some sort of record be compiled of the findings of fact and conclusions of law on which the city council based its action. *Novak* v. *City Council of Pawtucket,* 99 R. I. 41, 205 A. 2d 589 (1964); *Tillotson* v. *City Council of Cranston,* 61 R. I. 293, 200 A. 767 (1938). Here, no transcript of the proceedings was made; nor does the record certified to us contain a statement of the reasons relied upon by the city council in its denial of the petitioner's application. Since the city council failed to make any findings of fact and to state the reasons for its denial of the petitioner's license application, we are unable to determine whether or not the council abused its discretion by acting arbitrarily, capriciously, or unreasonably as alleged by the petitioner. Thus the record must be quashed, and the case remanded for a hearing de novo by the city council on the petitioner's application.

The petition for certiorari is granted, the decision of the city council is quashed, and the papers and the record in the case are remanded to the city council with our decision endorsed thereon.

Petition for reargument denied.

*Michael F. Horan,* for petitioner.

*William J. George, Gerald J. Pouliot,* Asst. City Solcitor, for respondents.