Anne EARLE

v.

**Louis H. PASTORE, Jr., Liquor Control Administrator et al.**

**WEEKAPAUG FIRE DISTRICT**

v.

**Louis H. PASTORE, Jr., Liquor Control Administrator et al.**

Nos. 84–580–M.P., 84–582–M.P.

Supreme Court of Rhode Island.

July 21, 1986.

Stephen J. Reid, Jr., Thomas J. McAndrew, Powers & McAndrew Inc., Providence, for plaintiffs.

John C. Levanti, Town Solicitor for Town of Westerly, Westerly, John H. Hines, Jr., Providence, John P. Toscano, Jr., Westerly, Deming E. Sherman, Edwards & Angell, Providence, for defendants.

## OPINION

SHEA, Justice.

These consolidated cases are before the Supreme Court pursuant to writs of certiorari issued to review judgments of the Superior Court that had affirmed a decision of the State of Rhode Island Liquor Control Administrator. The administrator, after hearing, had dismissed an appeal from the Westerly Town Council's issuance of a class D liquor license to the Seaside Beach Club Inc. (Seaside). We affirm.

On November 28, 1983, the Westerly Town Council, sitting as the licensing board, issued a class D liquor license to Seaside. The license was issued over the objection of petitioners, Anne Earle and the Weekapaug Fire District. Their objection was based on the claim that Seaside was not a "club" within the provisions of G.L. 1956 (1976 Reenactment) §§ 3–1–1, as amended by P.L.1978, ch. 223, § 1 and 3–7–11, as amended by P.L.1978, ch. 338, § 1. They argued that Seaside was a business corporation incorporated pursuant to the Rhode Island Business Corporation Act.

General Laws 1956 (1969 Reenactment) chapter 1.1 of title 7.

The petitioners, who were remonstrants before the license board, appealed the issuance of the license to the administrator. After a hearing, the administrator denied the appeal on the grounds that petitioners lacked standing to bring the appeal.

The petitioners then filed a complaint in Superior Court pursuant to G.L.1956 (1984 Reenactment) § 42–35–15 of the Administrative Procedures Act, appealing from the administrator's decision. The cases were consolidated by the trial court. Later the complaints were amended to add a prayer for mandamus relief to compel the administrator to revoke the class D license.

The Superior Court, in its decision, affirmed the decision of the administrator. The trial justice disagreed with the administrator's reasons for finding that petitioners lacked standing to challenge the issuance of the license but affirmed the dismissal because it was the correct result. Thereafter we granted petitioners petitions for writs of certiorari.

The record discloses that the parties who objected to the issuance of the license appealed first to the administrator, then to the Superior Court, and now petition this court for relief. The objecting parties were individuals who were residents of the town of Westerly who did not own any real estate adjacent to or within a 200–foot radius of the proposed licensed premises. The other petitioner, the Weekapaug Fire District, owns Fenway Beach, which is land located more than 400 feet from the property of the licensee.

The administrator ruled that under this court's holding in *Moretti v. Division of Intoxicating Beverages,* 62 R.I. 281, 5 A.2d 288 (1939), these petitioners lacked standing to prosecute an appeal from the issuance of the license. In *Moretti* this court held that an owner of land within 200 feet of the proposed licensed premises was a person authorized to appeal to the administrator under the predecessor statute to

§ 3–7–19. Since Moretti did not own land so situated, he had no standing to appeal.

The petitioners argue, as they did below, that the administrator's reliance on *Moretti* was in error because in that case the licenses were class B and not class D licenses. It is their position that *Moretti's* holding that only owners of property within the 200 foot radius have standing to appeal applies only to cases involving class B, C, or I licenses as set forth in § 3–7–19, as amended by P.L.1983, ch. 277, § 1. Because the holding in *Moretti* does not involve class D licenses, petitioners claim that *Moretti* is inapplicable. The trial justice and this court concur with petitioners up to that point. However, at that juncture we part company.

Section 3–7–21, as amended by P.L.1981, ch. 396, § 1, provides that the administrator shall review decisions of the local board when the appealing party:

"Upon the application of any petitioner * * * *hereby* authorized to protest against the granting of a license * * * the , liquor control administrator shall have the right to review the decision of any local board * * *." (Emphasis added.)

The trial justice held, and we believe correctly, that § 3–7–21 sets out the right of appeal from the local licensing board to the liquor control administrator to only three groups of individuals: (1) applicants who have been denied a license, (2) licensees who have had their licenses revoked or suspended, (3) any person hereby authorized to protest against the granting of a license.

The petitioners contend that the third class of individuals would include any members of the public who receive notice by publication of a hearing at the local level under § 3–5–17, as amended by P.L.1977, ch. 216, § 1, and who appear as objectors at the public hearing before the licensing board prior to issuance of a license. The trial justice correctly concluded that petitioners' position is clearly wrong for two reasons. First, it is wrong because the

word "hereby" in § 3–5–17 refers to chapter 7 of title 3 and not to chapter 5 of title 3. Consequently, a party must be given the right and the standing to object under chapter 7 of title 3 in order to have the right to appeal from the license board to the administrator. No such right to appeal appears in this chapter. The second and the most obvious reason why petitioners' interpretation is wrong is that in *Moretti* and in *Schneider v. Reynolds*, 86 R.I. 215, 134 A.2d 56 (1957), this court rejected the very interpretation that petitioners now urge upon us.

The statute, unfortunately, provides for no appeal by any remonstrant from the issuance of a class D license, and the courts have no power to expand the clear language used by the General Assembly. As the trial justice stated, such a state of affairs would seem to be an anomaly in our society where a right of review is generally the rule. We conclude, however, as this court did in *Schneider*, that the General Assembly has determined that the interest of the objectors as members of the public will be adequately protected by the licensing board. If petitioners believe that those rights are not adequately protected, their remedy is to be found in the political forum rather than in the courts.[1]

This court has held on several occasions that long-standing acquiescence by the Legislature to a judicial interpretation of

legislative intent warrants an assumption by the court of legislative approval of that determination. *Huntley v. Department of Employment Security*, 121 R.I. 284, 397 A.2d 902 (1979) (Joslin J., dissenting); *Eastern Scrap Services v. Harty*, 115 R.I. 260, 341 A.2d 718 (1975). Because the Legislature has not responded by expanding the standing to appeal in the years since *Moretti* and *Schneider* were decided, we can conclude that the Legislature regarded the court's interpretations as correct. *Eastern Scrap Services, supra.* The standing issue is dispositive, and therefore we do not reach the other issues raised.

For these reasons the petitions for certiorari are denied and dismissed, the writs heretofore issued are quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.

---

**1.** We point out that this court has held that a local licensing authority does have standing, in the public interest, to petition for judicial review in cases where the state liquor control administrator reverses the local licensing authority. *Matunuck Beach Hotel, Inc. v. Sheldon*, 121 R.I. 386, 399 A.2d 489 (1979).