DECISION
Before this Court is an appeal from a decision of the Liquor Control Administrator of the State of Rhode Island (hereinafter "Administrator"). The plaintiff seeks a reversal of the Administrator's March 4, 1993 decision denying plaintiff's application for a transfer of a liquor license and thereby overruling a previous grant of the license transfer by the Town of East Greenwich. Jurisdiction is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts Travel
According to the record, on October 7, 1992, the Receivers of Lovegreen Liquors, Inc., which operated a package store in the Town of East Greenwich, held a court-ordered auction sale of Lovegreen's assets, including its Class A alcoholic beverage license. Plaintiff, East Greenwich Wine Spirits, Inc., a Rhode Island corporation, was the successful bidder for the Class A license. The sole stockholder and officer of the corporation is Alfred Carpionato. He is also the principal of the developers of a shopping plaza located at 1000 Division Street, East Greenwich.
On October 13, 1992, Lovegreen's Receivers filed an application for transfer to plaintiff of the Class A retail liquor license with the Town of East Greenwich and plaintiff simultaneously filed an application for a Class A license. The record indicates that both applications listed the proposed location for the license as 1000 Division Street. A public hearing was originally scheduled for October 29, 1992. The hearing was continued to December 22, 1992 and finally was held on January 12, 1993.
The Remonstrants, Thorpe's Liquors, Inc. and Greenwich Liquors, Inc. (hereinafter "Remonstrants"), appeared at the hearing and opposed the transfer. Remonstrants hold other Class A retail liquor licenses in East Greenwich and have stipulated that they are not located within 200 feet of the proposed license location. The East Greenwich Town Council, sitting in its capacity as a Board of License Commissioners, granted the application for transfer of the Class A license.
On January 21, 1993, Remonstrants filed an appeal with Defendant Liquor Control Administrator. As its basis for standing, the appeal alleges that Remonstrants are Class A retail license holders in the Town of East Greenwich. Remonstrants allege that the transfer was not in accordance with G.L. 1956 §3-5-9, in that the license transferred was not to a particular location. At the hearing, plaintiff's motion to dismiss the appeal for lack of Remonstrants' standing was denied. Defendant's decision was filed on March 4, 1993, granting the appeal, overruling the Town Council and denying the license transfer. On April 2, 1993, plaintiff filed the instant complaint for review of defendant's decision.
Venue
Initially, Remonstrants argue that Plaintiff should have brought this action in Providence County Superior Court, not Kent County Superior Court. They claim § 42-35-15(b) states that the proper forum for review of a decision of the Administrator is Providence County Superior Court where the Administrator is located. However, § 42-35-15(b) continues to state "or in the superior court in which the cause of action arose. . . ." Accordingly, this Court is satisfied that the cause of action arose in Kent County and therefore the forum is proper.
Standard of Review
The standard of review of administrative agency appeals is set forth in § 42-35-15 as follows:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing decisions of the Liquor Control Administrator, courts do not exercise independent judgment on fact and policy, but must give due deference to the decisions of the Administrator if the decision is based upon substantial evidence in the record.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). This Court must confine itself to a review of the record to determine if legally competent evidence exists to support the decision. Blue Cross Blue Shield v. Caldarone, 520 A.2d 969, 972 (1987); Turner v. Department of Employment Security,479 A.2d 740, 742 (R.I. 1984). Thus, the Court will reverse factual conclusions of administrative agencies only when they are completely devoid of evidentiary support contained in the record.Sartor v. Coastal Resources Management Council, 542 A.2d 1077, 1083 (R.I. 1988). However, questions of law are not binding on this Court and may be reviewed regarding their applicability to the facts. Chenot v. Bordeleau, 561 A.2d 891, 893 (R.I. 1989);Carmody v. Rhode Island Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). The meaning of a statute is a pure question of law. Howard Union of Teachers v. State, 478 A.2d 563, 565 (R.I. 1984).
Standing
Before this Court is able to address the merits of the case, the issue of Remonstrants' standing must be resolved. Standing involves a threshold inquiry into the parties' status before reaching the merits of their claims. Blackstone Valley Chamberof Commerce v. Public Utilities Commission, 452 A.2d 931, 933 (R.I. 1983).
Plaintiff argues that Remonstrants' status as other Class A retail liquor licensees in the municipality does not grant them the right to appeal the decision of the local licensing board to the Liquor Control Administrator. The right to appeal to the Liquor Control Administrator is delineated in G.L. 1956 (1987 Reenactment) § 3-7-21 (1993 Supplement):
 3-7-21. Appeals from local boards to administrator.
 Upon the application of any petitioner for a license, or of any person hereby authorized to protest against the granting of a license, or upon the application of any licensee whose license shall be revoked or suspended by any local board or authority, the liquor control administrator shall have the right to review the decision of any local board, and after hearing, to confirm or reverse the decision of the local board in whole or in part, and to make such decision or order as to him shall seem proper. . . .
Section 3-7-21 limits the right of appeal from the local licensing board to the Liquor Control Administrator to three groups of individuals: (1) applicants who have been denied a license, (2) licensees who have had their licenses revoked or suspended and (3) any person "hereby authorized to protest" against the granting of a license. For Remonstrants to have an appeal right, therefore, they must be found to fit within one of these three statutory categories of appellants. Moretti v.Division of Intoxicating Beverages, 62 R.I. 281, 283,5 A.2d 288, 291 (1939). As it is clear that the Remonstrants are neither applicants who have been denied licenses nor licensees who are victims of a license suspension or revocation, this Court must determine whether they are "persons hereby authorized to protest" within the meaning of § 3-7-21.
The Rhode Island Supreme Court most recently had occasion to interpret this phrase in Earle v. Pastore, 511 A.2d 989 (R.I. 1986). The Court held that the word "hereby" in § 3-7-21 "refers to Chapter 7 of Title 3 [Retail Licenses] and not to Chapter 5 of Title 3 [Licenses Generally]. Consequently, a party must be given the right and the standing to object under Chapter 7 of Title 3 [Retail Licenses] in order to have the right to appeal from the license board to the Administrator." Id. at 991. In so holding, the Court expressly rejected the argument that those "authorized to protest" under § 3-7-21 includes any party who is given the right by Chapter 5 of Title 3 to protest before the licensing board. The Court's holding in this regard reaffirmed its earlier holdings in Moretti v. Division of Intoxicating Beverages,62 R.I. 281, 5 A.2d 288 (1939) and Schneider v. Reynolds,86 R.I. 215, 134 A.2d 56 (1957). Thus, while § 3-5-19 grants "the holders of any retail Class A license within the city or town issuing or transferring a Class A license . . . standing to be heard before the board, body or official granting or transferring the license," that statute does not grant those Remonstrants standing to appeal from the local board to the Administrator as persons "authorized to protest" under § 3-7-21.
Under this settled precedent, the Remonstrants here cannot be found to have standing to appeal a decision of the local licensing authority to the Administrator unless such a right is expressly granted by Chapter 7 of Title 3. A review of that chapter reveals that it contains no provision granting standing to the holders of retail Class A liquor licenses within a municipality to appeal from a decision of the local licensing authority granting or transferring a license.
Section § 3-7-4 dictates that a Class A liquor license generally shall not be issued or allowed to be transferred to authorize the sale of beverages in any store or place within two hundred feet (200') of another premise holding a Class A license. It could be argued, therefore, that a person who holds a Class A liquor license and who is located within 200 feet of the proposed licensed premise would be a person authorized to protest against the granting or transfer of such a license within the meaning of § 37-7-21. See Moretti v. Division ofIntoxicating Beverages, 62 R.I. 281, 5 A.2d 288 (1939).
It is undisputed, however, that the Remonstrants here are not located within 200 feet of the proposed licensed premises. Absent an express grant of an appeal right to them, therefore, they must be found to lack standing to appeal to the Administrator from the local licensing authority's decision.
The absence of an explicit appeal right is regrettable because it denies judicial review to a party purportedly aggrieved by a decision of the local licensing board. Yet the Supreme Court has made clear that "the courts have no power to expand the clear language of the General Assembly." Earle v.Pastore, 511 A.2d at 991. Apparently, in enacting § 3-7-21, the General Assembly determined that the interest of persons such as Remonstrants here who object to the granting or transfer of a retail liquor license "will be adequately protected by the licensing board." Id. As the legislature must be presumed to be aware of the Court's holdings in Moretti, Schneider andEarle and has taken no action subsequent to any of those decisions to amend the statute to confer upon objectors an explicit right of appeal to the Administrator, it must be deemed to have acquiesced to the denial of standing. Id.
As the Remonstrants lacked standing to appeal to the Liquor Control Administrator, the Administrator was without authority to hear and decide that appeal. Accordingly, the March 4, 1993 decision of the Liquor Control Administrator of the State of Rhode Island overturning the decision of the East Greenwich Town Council is reversed.
Counsel shall prepare and submit an appropriate form of judgment for entry.