## Anna M. TILLINGHAST d/b/a Bowdish Lake Camping Area

v.

## TOWN OF GLOCESTER, by and through its Treasurer, and George Lewis, Intervenor.

No. 00–313–A.

Supreme Court of Rhode Island.

Feb. 16, 2001.

Nicholas Gorham, North Scituate.

Forrest C. Crooks, Pawtucket.

# ORDER

The plaintiff, Anna Tillinghast d/b/a Bowdish Lake Camping Area, appeals from a Superior Court judgment granting the town of Glocester's motion to dismiss plaintiff's complaint. After a conference before a single justice of this Court, this case was assigned to the full Court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide the case without further briefing or argument.

The plaintiff is the owner of property in Glocester, which she purchased in 1972. The plaintiff alleged that since the time of purchase, earth removal activities have been conducted on the property; she also alleged that her predecessors in title did the same since at least 1965. The plaintiff began the process of obtaining an earth removal license for this property in 1995. In 1999, the town council voted to deny plaintiff's request for the license. In a written decision, the town determined that plaintiff had not established that earth removal activities had taken place on the property continuously so as to constitute a nonconforming use. The plaintiff filed an appeal to the Superior Court from the decision of the town council. The defendant moved to dismiss the complaint for lack of jurisdiction, arguing that the proper procedure for seeking review of the decision of the town council would be to file a petition for a writ of certiorari with the Supreme Court, not a direct appeal to the Superior Court. The trial justice agreed and granted the motion to dismiss. The plaintiff has appealed that decision to this Court.

This Court has held that the proper procedure for appellate review of the actions of a town council in granting or denying a license is by a writ of certiorari to this Court, except where a right of appeal is specifically provided by statute. *Phelps v. Bay Street Realty Corp.*, 425 A.2d 1236, 1239 (R.I.1981). The plaintiff contends that the right of appeal in this case has specifically been provided by P.L.1995, ch. 20, titled, "An Act Relating to the Regulation of Earth Removal in the Town of Glocester." That enactment requires the issuance of a license by the town council prior to conducting earth removal operations. The statute provides: "Appeal from the decisions of the town council shall be taken in accordance with title 45, chapter 5, sections 16 and 17 of the Rhode Island general laws." P.L.1995, ch. 20, § 7. General Laws 1956 (1999 Reenactment) § 45–5–16 states:

> Any person aggrieved by any order or decree of a town council may appeal to the superior court for the county in which the town is located, within forty (40) days after the order or decree is made, unless another provision is made.

This Court has declined to hold that § 45–5–16 provides an aggrieved party with the right to appeal. *Eastern Scrap Services, Inc. v. Harty*, 115 R.I. 260, 341

A.2d 718 (1975). *See also Order of St. Benedict v. Town Council of Portsmouth,* 84 R.I. 503, 125 A.2d 150 (1956) and *Aldee Corp. v. Flynn,* 72 R.I. 199, 49 A.2d 469 (1946). The Court has found that a right to appeal exists only where a statute confers an express right, beyond § 45–5–16. In *Pilgrim Land Developers, Inc. v. Santilli,* 115 R.I. 140, 341 A.2d 733 (1975), the Court determined that a right of appeal was created by P.L.1926, ch. 919, § 3. That law related to street dedication actions of the West Warwick Town Council and provided that any person aggrieved by any such action of the council " 'may appeal from such action to the superior court * * * in the same manner and subject to the same provisions as prescribed by law for appeals from the orders and decrees of town councils.' " 341 A.2d at 734, n. 2. The law further provided that " 'said court or the court with a jury if a jury trial is claimed by either party * * * shall try the case.' " *Id.* In *Pilgrim,* we held that P.L. 1926, ch. 919 "confers precisely that sort of express right of appeal, beyond § 45–5–16"

that is required by cases such as *Order of St. Benedict.* 341 A.2d at 735.

The statute in the present case is not as specific as that found in the *Pilgrim* case. Here, P.L.1995, § 20 provides only that appeals shall be taken in accordance with § 45–5–16. It is our opinion that this language is not sufficient to confer an express right of appeal upon parties aggrieved by the grant or denial of an earth removal license by the Glocester Town Council.

For this reason, the plaintiff's appeal is denied and dismissed. The judgment is affirmed, and the papers are hereby remanded to the Superior Court.

FLANDERS, J., did not participate.