Don **KRIVITSKY** d/b/a
**Coastline Copters**

v.

**TOWN OF WESTERLY.**

No. 2002–370–Appeal

Supreme Court of Rhode Island.

June 3, 2003.

Michael P. Lynch, Westerly, for Plaintiff.

Lauren E. Jones, Providence, and Steven T. Hartford, Westerly, for Defendant.

Present: WILLIAMS, C.J., and FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The Town of Westerly (town) appeals from a Superior Court justice's order directing the town clerk to issue Don Krivitsky d/b/a Coastline Copters (Coastline) a class III amusement license to operate a helicopter for hire by selling rides to the public. This case was ordered expedited, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we conclude that the Superior Court was without jurisdiction to hear the matter and, consequently, we vacate its order. The pertinent facts are as follows.

Coastline applied for a class III amusement license to operate a helicopter on property in Westerly to provide rides for a fee. The Licensing Board for the Town of Westerly (board) held a hearing on the application on May 9, 2002. The board heard testimony that Coastline's proposal met federal aviation regulations and that it also received the required state approval. At the hearing, the police chief expressed his concerns about excessive noise and flying dust and debris thrown around during

takeoff and landing. After addressing those concerns, the board voted to grant the license for conducting the rides between 11 a.m. and 7 p.m. subject to the approval of other proper authorities. The license was dated May 9, 2002, with an expiration date of May 15, 2003.

The Code of Ordinances for the Town of Westerly (code) states that all persons operating or conducting any amusements:

"shall have a license issued by the town clerk, upon approval of the town council, and subject to the written approval of the chief of police, building official and zoning inspector; provided, however, in case the chief of police refuses or fails to approve the issuance of such license, the applicant may appeal to the town council * * *." Westerly Code of Ordinances, pt. III, ch. 7, art. V, § 7–81 (1991).

After the board approved the license, the police chief signed it. However, the police chief changed his mind and obliterated his signature before delivering the license to the town manager. He gave the town manager a memorandum dated May 13, 2002, citing safety concerns as his reason for disapproval. Thus, the license never was issued. Coastline appealed the police chief's disapproval to the town council, pursuant to § 7–81 of the code. On appeal, the town council sustained the police chief's action and refused to issue the license.

Coastline petitioned the Superior Court to issue a writ of mandamus directing the town to issue the license. The trial justice granted the writ, finding that the police chief did not have "the authority to act arbitrarily and revoke a duly executed license." The trial justice indicated that the board fully addressed the police chief's safety concerns. As a result, the trial justice ordered the town to issue the license because "the application [met] all applicable Federal, State and Town Ordinances, was approved by the [board], and signed by the Chief of Police" and "[p]laintiff has [the legal] right to the issuance of the license."

■ Our first task is to address the potentially dispositive issue of mootness. Coastline avers that whether the Superior Court justice properly issued the writ of mandamus is moot because (1) the license's proposed expiration date was May 15, 2003, (2) Coastline no longer has access to a helicopter, and (3) federal and state approval for the operation lapsed on September 7, 2002. Conversely, the town contends that the issue is not moot because if the writ were issued properly, Coastline need only renew the license, instead of reapplying.[1] In the alternative, the town asserts that even if the issue is moot, it is of great public importance, probably will arise again and is capable of evading review.

■ An issue is moot "if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." *Cicilline v. Almond*, 809 A.2d 1101, 1105 (R.I.2002) (quoting *Associated Builders & Contractors of Rhode Island, Inc. v. City of Providence*, 754 A.2d 89, 90 (R.I.2000)). This Court will not adjudicate a case that is moot

---

1. Although the town contends that Coastline need only renew its application, the code does not specifically address the renewal requirement for amusement licenses. The code does, however, delegate to the town clerk the power to issue renewals for thirty different types of licenses upon approval of the proper authorities. *See* Westerly Code of Ordinances, pt. III, ch. 7, art. X, §§ 7–217, 7–218 (1991). Amusement licenses are *not* among those listed. *See id.* at § 7–217. Therefore, it is clear that when an amusement license expires, the operator must reapply.

"unless the issues raised are 'of extreme public importance, which are capable of repetition but which evade review.' " *Id.* at 1105–06 (quoting *Sullivan v. Chafee,* 703 A.2d 748, 752 (R.I.1997)). Because the license, if issued, would not have expired at the time of oral argument and because, at oral argument, counsel represented that the town council was scheduled to hear Coastline's new application for this year's license, we conclude that the issues in this matter are not moot.

Next, the town argues that the Superior Court lacked the necessary jurisdiction to hear the case because a writ of certiorari to this Court was the only proper avenue for review. Coastline responds that because the license was properly issued at the moment the police chief initially signed it, there was no denial but rather an unlawful revocation and, therefore, Coastline believes that it could seek a writ of mandamus in Superior Court. We agree with the town.

■ The code provides that if the police chief or town manager denies a license, the applicant may appeal to the town council. *See* § 7–81. Thereafter, the proper procedure for review of a town council decision to grant or deny a license is by a writ of certiorari to this Court, unless "a right of appeal is specifically provided by statute." *Tillinghast v. Town of Glocester,* 766 A.2d 946, 946 (R.I.2001) (mem.). Although the town did not raise this jurisdictional issue in Superior Court, we may address issues of subject-matter jurisdiction *sua sponte. See Woonsocket Teachers' Guild, Local 951, AFT v. Woonsocket School Committee,* 770 A.2d 834, 837 (R.I.2001).

■ We conclude that when the police chief obliterated his earlier signature of approval it constituted a denial, not a revocation, of the license. The code gives him the authority to unilaterally deny amusement licenses subject to an appeal to the town council. We will not second-guess the police chief's decision-making process because he changed his mind while still in possession of the pending license. Therefore, the police chief properly denied the license under the code, subjecting his decision to an appeal to the town council.

Coastline filed an appeal with the town council on May 22, 2002, requesting that it order the clerk to issue the license. On June 3, 2002, Coastline appeared in front of the town council to address its appeal. Coastline presented its case through counsel. Several town officials testified, including the police chief, who reiterated the safety concerns that he expressed at the first hearing. Five residents also opposed the approval of the license. Subsequently, the town council decided to deny the appeal and sustain the police chief's decision by a vote of six to zero.

■ We conclude that this hearing satisfied § 7–81 of the code. First, as explained above, the police chief denied the license; he did not revoke it. Second, Coastline's hearing before the town council addressed all the concerns discussed at the first hearing and allowed additional comments from other officials and residents, not only providing appellate review of the denial before the town council, but also essentially affording a *de novo* review. As a result, Coastline's only appropriate avenue for review was to petition this Court for a writ of certiorari. Therefore, the Superior Court did not have jurisdiction to issue the writ of mandamus.

Accordingly, we sustain the town's appeal and vacate the order of Superior Court. The papers in the case may be returned to the Superior Court.

Justice Flaherty did not participate.